Arnold v. Arnold.

## ARNOLD v. ARNOLD.

1. Pleading: AMENDMENT. The District Court may in the exercise of the discretion vested in it, permit the amendment of pleadings during the progress of the trial.

2. —— JURY RESWORN. The appellant cannot complain because the jury by which the cause was tried was not sworn to try the issues between the parties as presented by the pleadings amended during the progress of the trial, when the record does not show that the court was asked to have the jury resworn.

—— Semble, that the usual oath taken by jurors would include any issue between the parties submitted to them on the trial of the cause.

Arnold v. Arnold.

3. Evidence: SURPLUSAGE. Under section 2966, Revision of 1860, a party is not compelled to prove more than is needed for his defense notwithstanding he has stated in his answer or reply more than is necessary.

*Appeal from Howard District Court.*

SATURDAY, APRIL 14.

LOWE, Ch. J.—In January, 1865, the plaintiff, Henry O. Arnold, filed a claim against the estate of Clinton Arnold, deceased, before the county judge of Howard county. This claim was resisted by the defendant, administratrix of the estate. At the regular term of the Probate Court, in February following, the plaintiff's right to have said claim allowed, was tried upon the evidence introduced, and refused, at his cost. The cause was transferred to the District Court, when the plaintiff refiled a bill of particulars of his account, and the defendant filed an answer, to the effect that in July, 1864, by the authority and approval of the then acting county judge, paid and turned out to said plaintiff, property and money of said estate, in full payment of said claim, which was accepted by the plaintiff in full discharge of the same, and the defendant therefore denies any indebtedness on the part of the estate to the plaintiff.

*1. PLEAD-INGS: amendment.*

The plaintiff traverses the facts alleged in the above answer. The cause was tried before a jury, and after the plaintiff had introduced his evidence and rested, the defendant asked and obtained leave to amend her answer by filing an additional plea of the statute of limitations, which, against the objection of the plaintiff, was granted, and is now assigned as the principal error in the record.

The Revision, upon the subject of amendment, is based mainly upon the New York system, and clothes the court with very large discretionary power in granting the same, allowing them to be made at any stage of the proceed-

ings, if the ends of justice will be advanced thereby; but upon terms that shall be just to the adversary party. Rev., § 2977; *Seevers, Adm'r.,* v. *Hamilton et al.,* 11 Iowa, 66; *Glick* v. *Hartman,* 10 Id., 410; *Miller* v. *Garling,* 12 How, 203; *Hunter* v. *The Hudson River Iron and Machine Company,* 20 Barb., 493; *Harrington* v. *Slade,* 22 Id., 104.

In some of these cases, the amendments were allowed during the progress of the trial.

It is no less difficult for the court to guard against surprise or injustice in granting amendments after the parties have entered upon the trial, than before. The cause and the parties are under the control of the court. The trial may be arrested, terms imposed, the jury resworn, if needful, or to prevent the surprise, the cause may be postponed.

It is objected, however, in this case, that the jury was not sworn to try the issue created by the amended answer.

2. —— jury resworn. We remark that this is not apparent; if the usual oath was administered, namely, to well and truly try the issues between the parties and a true verdict give according to the evidence, this would seem to include any issue that might be submitted to them in the trial of the cause. But however this may be, it is a sufficient answer to say, perhaps, that the record does not show that the court was asked to have the jury resworn or that it refused to do so.

Again, it is said the court erred in admitting parol testimony of the settlement set up in the defendant's answer.

3. EVIDENCE: surplusage. If the settlement had been reduced to writing, or entered of record in the probate office, the objection, perhaps, would be well taken; but such a settlement is not averred. If it should be claimed that the statement in the answer, to the effect that, with the authority and approval of the county judge, the defendant had turned out property and money in satisfaction of the debt, implied

a settlement of record, or at least that the authority to make it should be of record, the reply is, that this was an unnecessary and superfluous allegation, for the reason that if a settlement *in pais* was in fact made, it would be binding upon the plaintiff without such authority; therefore to allege such authority, would be unimportant, and as such need not be proved. It is enacted in section 2966 of the Revision, "*that if a party states in his answer or reply more than is needed for his defense, he shall not be compelled to prove more than is needed for his defense.*"

The assignment of error founded upon the instructions is so very general, and at variance with the requirements of section 3546, that we cannot reasonably be expected to give it a distinct notice.

The record fails to show that the motion for a new trial was excepted to, and hence no question arises upon it.

Affirmed.