## REILLY ET AL. v. RINGLAND ET AL.

1. **Practice in Supreme Court:** NEW TRIAL: ASSIGNMENT OF ERRORS. Where the overruling of a motion for a new trial, based upon several distinct grounds, is assigned as error, the assignment should particularly specify the very error relied upon by the appellant.

2. **Landlord and Tenant:** VALUE OF EMBLEMENTS: EVIDENCE. A tenant at will is entitled to emblements, and evidence respecting their value is competent in an action against the owner of the land for their recovery.

<em>Appeal from Polk Circuit Court.</em>

FRIDAY, OCTOBER 20.

THE facts of this case will be found sufficiently stated in *Reilly v. Ringland et al.*, 39 Iowa, 106. The action was originally one of replevin brought by Peter Reilly for stacks of wheat, barley and oats, and damages for the wrongful detention thereof. The cause having been reversed and remanded, by agreement of counsel Hannah Reilly was made a co-plaintiff, and an additional cause of action was set up claiming damages for the conversion of a crop of corn and potatoes, and garden vegetables.

The cause was tried by a jury, and a verdict was returned for plaintiff for $1,800.

The court reduced the amount of the recovery to $1,586.64, and rendered judgment for that amount. The defendants appeal, and assign the following errors:

"1. That the court erred in overruling the motion for a new trial.

"2. The court erred in permitting any testimony to go to the jury of values of or damage to the emblements, which passed by virtue of the writ of assistance.

"3. The court erred in giving each and every one of the instructions given on its own motion.

"4. The court erred in refusing instructions Nos. 7 and 8, as asked by defendants."

*Finch & Sickmon* with *T. Hawley*, for appellants.

*Galusha Parsons*, for appellees.

DAY, J.—I. The first error assigned is the overruling of the motion for a new trial. The record does not show that any exception was taken to this action of the court. Hence, it cannot be made the basis of an assignment of error. Besides, the motion for a new trial presents the questions that the verdict is not supported by evidence; that it is contrary to the evidence; that it is the result of prejudice; that it is contrary to the law given; that the instructions given are erroneous, and that the court erred in refusing to give the instructions asked.

1. PRACTICE in the Supreme Court: new trial: assignment of errors.

Section 3207 of the Code provides: "An assignment of error * * * must, in a way as specific as the case will allow, point out the very error objected to. Among several points in a demurrer, or in a motion, or instructions, or rulings in an exception, it must designate which is relied on as an error, and the court will only regard errors which are assigned with the required exactness * * *." Now it is apparent, that to assign as error the overruling of a motion for a new trial, which makes six distinct objections to the verdict, does not comply with the requirements of this section, in that it does not, in a way as specific as the case will allow, point out the very error objected to.

II.   It is next claimed that the court erred in permitting any testimony to go to the jury of values of, or damage to, the 2. LANDLORD emblements.   It is claimed that these passed by and tenant: value of em- virtue of the writ of assistance to the defendants, blements: evidence.   and that this court was in error, in holding that they belonged to plaintiffs.   See 39 Iowa, 106.   We are asked to review and overrule that decision.   The court as now constituted is still satisfied with the correctness of that conclusion.

III.   The third and fourth assignments are that the court ' erred in giving each of the instructions on his own motion, and in refusing to give the seventh and eighth instructions asked by defendants.

The record does not show that any exception was taken to the giving or the refusing to give instructions.   No error is apparent in the record.

AFFIRMED.