STEVENS v. BROWN.

60   403<br>98   571

1. **Contract:** BREACH OF: RIGHT OF ACTION BY DELINQUENT PARTY. Where defendant agreed with plaintiff to deliver to him a certain amount of corn, and received $70 as part payment, but when he offered the corn, plaintiff refused to receive it, *held* that plaintiff could not thus break the contract, and then maintain an action against the defendant for $70, less the amount that defendant was damaged by his refusal to receive the corn.

2. **Assignment of Error:** MUST BE SPECIFIC. Where a motion for a new trial was based upon the ground that the verdict was contrary to the evidence, and upon *five other grounds*, an assignment of error in these words: "The court erred in overruling plaintiff's motion for a new trial," is not "as specific as the cause will allow," and, therefore, not sufficiently specific, under section 3207 of the Code, to warrant this court in inquiring whether or not the verdict is supported by the evidence.

*Appeal from Montgomery Circuit Court.*

MONDAY, JANUARY 18.

THE defendant entered into a contract with the plaintiff, whereby he agreed to deliver to him seven hundred bushels of corn at twenty-five cents per bushel, and seventy dollars was paid by the plaintiff upon the contract in advance. This action is brought to recover upon the contract. The plaintiff avers in his petition that the defendant failed to deliver the corn or any part thereof, and that by such failure he sustained damage in the sum of $165. The defendant, for answer, denies the failure alleged, and avers that he delivered four hundred and sixty-three bushels of the corn; and offered to deliver the balance, and the plaintiff refused to receive it.

By way of counter-claim, he avers that he was obliged to sell the balance for twenty cents per bushel, being five cents per bushel less than the contract price, and that, by reason of the plaintiff's refusal to receive such balance, he sustained damage in the sum of $11.80. For further counter-claim, he avers that there is due him for corn delivered the sum of $45.98. There was a trial to a jury, and verdict and judgment were rendered for the defendant for thirty-five dollars. The plaintiff appeals.

*Miller & Bartholomew*, for appellant.

*Smith McPherson* and *C. E. Richards*, for appellee.

ADAMS, J.—I. The court gave an instruction, in these words:

1. CONTRACT: breach of: right of action by delinquent party. "If the plaintiff has failed to show by a preponderance of the evidence that the defendant failed and refused to comply with the contract, in whole or in part, he will not be entitled to recover." The giving of this instruction is assigned as error.

There was evidence tending to show that defendant made no delivery of the corn, or any part thereof, but offered to

deliver it in accordance with the contract, and that the plaintiff refused to receive it. The verdict is such as to afford ground for the supposition that the jury found such to be the fact. They allowed the defendant $35. He had agreed to deliver seven hundred bushels. If he offered to perform the contract, and the plaintiff refused to receive the corn, and it had become worth only twenty cents per bushel, or five cents per bushel less than the contract price, his damage would be $35, the amount allowed. The plaintiff contends that if the fact was, as there was some ground for supposing that the jury found it to be, he was entitled to recover, at least, the difference between the amount of damage which the defendant sustained, and the amount which the plaintiff had paid, that is, the difference between $35 and $70. He insists, therefore, that the instruction above set out, which precluded the plaintiff from recovering anything, unless he showed a breach of contract on the part of the defendant, is wrong. But in our opinion his position cannot be sustained. It was not the plaintiff's right to break the contract, and maintain an action to recover back what he paid less the damage which the defendant could show he sustained. No right of action could accrue to the plaintiff without some fault on the defendant's part. We think that the instruction is correct.

II. The plaintiff contends that the verdict is contrary to the evidence. He contends that there was no evidence that the plaintiff delivered any part of the corn, and that in no event was he entitled to recover more than the costs, because, if he delivered no part of the corn his damage is less than the amount the plaintiff had paid.

2. Assignment of error: must be specific.

Possibly we might conclude that the plaintiff's position in this respect is well taken, if there were any assignment of error which would justify us in determining the question presented. The defendant contends that there is not. The assignment upon which the plaintiff relies is in these words: "The court erred in overruling plaintiff's motion for a new

trial." The defendant contends that the question as to whether the verdict is contrary to the evidence cannot be determined under this assignment, because it is not sufficiently specific. "An assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to." Code, § 3207. The motion for a new trial, it is true, is based upon the ground that the verdict is contrary to the evidence. If this were the only ground, we might, perhaps, conclude that it was sufficient to justify us in reviewing the evidence, to assign as error that the court erred in overruling the motion. But the motion is based upon five other grounds. If the assignment was held good, six different questions could be presented and argued under it. Manifestly the assignment is not as specific as the case will allow. It will be seen at once that, if it had been assigned that the court erred in not sustaining the motion for a new trial, upon the ground alleged therein that the verdict is contrary to the evidence, such assignment would have been more specific. We think that the defendant's objection to the assignment is well taken, and that it presents nothing for our consideration. *Reilly v. Ringland*, 44 Iowa, 422; *Morris v. C., B. & Q. R. R. Co.*, 45 Id., 29; *Oschner v. Schunk*, 46 Id., 293; *Tomblin v. Ball*, Id., 190; *Richardson v. McCormick*, 47 Id., 80; *Bardwell v. Clare*, Id., 297; *Benton v. Nichols*, Id., 698.

Some other questions are presented, but they are covered, we think, substaintially by the views we have expressed.

AFFIRMED.