## NORRIS v. KIPP.

1. **Instructions** : REPETITION NOT REQUIRED. Where the court has given an instruction on its own motion, it is not required to give the same instruction in substance, but in another form, when requested by counsel.

2. ———— : REFUSAL TO GIVE : ERROR WITHOUT PREJUDICE. Refusal to give a proper instruction asked is without prejudice, and therefore not reversible error, where it appears from the whole charge that the jury were fairly instructed as to the points involved in the instruction asked.

3. ———— : BASED ON FALSE ASSUMPTION. An instruction based on an assumption which the evidence shows to be untrue should not be given.

4. **Sale of Land** : BREACH OF ORAL WARRANTY : PLEADINGS AND PROOF. In an action for the breach of an oral warranty in the sale of land, where the petition alleges that the warranty was a part of the contract of sale, and a part of the consideration of the purchase price, plaintiff may recover upon proving the warranty and a breach of it, without showing that he relied upon it ; for in such case the law will presume that he relied upon it.

5. **Appeal** : EXCEPTIONS TO INSTRUCTIONS : DEFINITENESS. An exception to an instruction, filed the day after the verdict was rendered, but which does not specify the part of the charge objected to, nor the ground of the objection, raises no question for review in this court.

6. ———— : EVIDENCE TO SUSTAIN VERDICT. A verdict based upon conflicting evidence will not be set aside in this court for want of evidence to sustain it.

*Appeal from Montgomery District Court.*—HON. C. F. LOOFBOUROW, Judge

FILED, MAY 15, 1888.

ACTION to recover damages for breach of covenants of a deed, and of a verbal warranty in the sale of land. The case was tried to a jury, and verdict and judgment rendered for plaintiff. The defendant appeals.

*C. E. Richards* and *W. S. Strawn,* for appellant.

*J. M. Junkin* and *S. McPherson,* for appellee.

ROBINSON, J.—The petition includes three counts. In one the plaintiff alleges that in September, 1885, he purchased of defendant an eighty-acre tract of land in Kansas; that, as an inducement for plaintiff to purchase, the defendant falsely and fraudulently represented to plaintiff that there were on said land two wells of water, a good stone house, and a nice orchard; that in fact there was no well, house nor orchard on said land at the time aforesaid; and that defendant knew such to be the case. In another count, plaintiff alleges that he pur-- chased of defendant the land aforesaid, and that at the time of such purchase, and as a part of the contract of sale, and as a part of the consideration of the price thereof, the defendant represented to plaintiff that said land had thereon, at that time, two good wells of water, a good stone house and a nice orchard of fruit trees, and warranted the same to plaintiff, and agreed by parol to make good any failure of said warranty; that in fact there was no well, house nor orchard on said land when said agreement was made. In the other count of his petition, the plaintiff alleges the purchase of the land aforesaid; the execution of a deed therefor, containing the usual covenants against incumbrances, and of war-ranty; and avers a breach of the same by reason of a tax sale and delinquent taxes.

I. Appellant complains of the refusal of the court to give the first and third instructions asked by him. There was no error in this refusal. The substance of these instructions was included in the charge to the jury, and the court was under no obligation to give the same in another form.

1. INSTRUC-TIONS: repe-tition not required.

II.   The appellant asked the court to instruct the jury that they could not presume fraud, but that the burden was on the plaintiff to establish it by clear and satisfactory proof. This instruction the court refused to give, and the appellant insists that this refusal was erroneous. The charge of the court instructed the jury as to the facts which would constitute fraud in this case, and that the burden of proving them was upon plaintiff. It also instructed them as to facts which would not constitute fraud. An examination of the entire record leads us to conclude that the issue of fraud, and the evidence necessary to establish it, were fairly submitted to the jury, and that appellant̓ was not prejudiced by the refusal of the court to give the instruction in question.

*2. ——: refusal to give: error without prejudice.*

III.   Appellant complains of the refusal of the court to instruct the jury that there could be no recovery on the count alleging fraud, if, at the time of the sale, defendant was acting for another, who was the owner of the land, and to whom plaintiff applied for information, if he was influenced by such information in making the purchase. We do not think such an instruction would have been proper in this case. It was shown, and not contradicted, that plaintiff refused to take a deed from the person who owned the land when the negotiations were commenced, and that he insisted upon dealing with the defendant. The latter not only conveyed the land to plaintiff, but he alone received the consideration for the conveyance. The fact that plaintiff caused inquiries to be made of a former owner of the land would not defeat his right of recovery in case the alleged fraud were proven.

*3. ——: based on false assumption.*

IV.   The court charged the jury that, to entitle the plaintiff to recover on the warranty as to improvements, it was only necessary for him to show (1) the fact that the warranty was made as claimed; (2) that there was a breach of the warranty. Appellant insists that it was also necessary for plaintiff to show that he relied upon the

*4. SALE of land: breach of oral warranty: pleadings and proof.*

statements constituting the warranty. We do not concur in that view. The petition states that the alleged warranty was a part of the contract of sale, and a part of the consideration of the purchase price. If this were true, the law would presume that it was relied upon by plaintiff. Hence, as a conclusion of law, it was not required to be pleaded. If, for any reason, the alleged warranty did not enter into the agreement, or was waived, it was incumbent upon defendant to plead and show the fact. The denial of the answer required the plaintiff to establish the alleged warranty, and that it was a part of the contract of sale, and to prove a breach of its conditions. When this was done, he had shown a *prima-facie* right to recover. *Holbrook v. Burt*, 22 Pick. 552. See, also, *Taylor v. Davis*, 11 Ill. 13.

V. Appellant complains of the fourth paragraph of the charge to the jury, on the ground that it did not **5. Appeal:** state that the warranty as to improvements, **exceptions to instructions: definiteness.** in order to be effective, must be in writing. The question of the sufficiency of a parol warranty, in the sale of realty conveyed by deed, to sustain an action, was referred to, but not decided, in *Clark v. Ralls*, 50 Iowa, 275. We do not find it necessary to determine that question now. No portion of the charge was excepted to when given. The day after the verdict was rendered the defendant filed exceptions to portions of the charge, including the paragraph in question. Section 2789 of the Code requires the exception so taken to "specify the part of the charge or instruction objected to, and the ground of the objection." The failure of the court to charge the jury that the warranty must be in writing was not made a ground of the objection, nor was it made a ground of the motion for a new trial, nor was the question involved in any manner raised during the trial. So far as is shown by the record, that question is raised for the first time in this court. We think that it is raised too late, and must now be disregarded.

VI. Appellant insists that the verdict is not sustained by the evidence. The evidence was conflicting,

6. ——: evidence to sustain verdlct. and the facts established by it were properly submitted to the jury for determination. We cannot say that their verdict was unauthorized.

VII. Other objections are made and argued by counsel for appellant. Some of them are disposed of by the views we have already expressed. Others relate to immaterial matters. We deem it unnecessary to refer to them in detail, but will say that we have examined them all, and find no prejudicial error in any of the matters of which complaint is made.

AFFIRMED.