## ALBROSKY V. IOWA CITY.

1. **Appeal:** PRACTICE : ASSIGNMENT OF ERRORS : EXACTNESS REQUIRED. Section 3207 of the Code provides that assignments of error must point out the very error objected to, and that among several points in a demurrer or motion the assignment must designate which is relied on as error, and that this court shall regard only such errors as are assigned with the requisite exactness. Under this rule, five different assignments of error in this case (for which see opinion) must be disregarded.

2. **Instructions:** REPETITION NOT REQUIRED. Where the court has fully and fairly charged the jury, it is not error to refuse to give other instructions upon the request of counsel.

3. **Appeal:** COSTS OF AMENDED ABSTRACT. The appellee will not, upon an affirmance of the judgment, be charged with the costs of an amended abstract filed by him, when it appears that the greater part of its contents were necessary for the determination of the case.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FILED, DECEMBER 21, 1888.

THIS is an action to recover damages which the plaintiff incurred by reason of a fall from an alleged defective and improperly constructed sidewalk. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Baker & Ball,* for appellant.

*Ranck & Wade,* for appellee.

ROTHROCK, J.—I. The assignment of errors is in these words : "*First.* The court erred in overruling defendant's objections to the introduction of certain testimony, shown in the abstract as objected to by defendant, and in receiving such objectionable testimony. *Second.* The

1. APPEAL: practice : assignment of errors : exactness required.

court erred in overruling defendant's motion to instruct the jury to return a verdict for defendant. *Third.* The court erred in refusing to submit to the jury the interrogatories asked by defendant. *Fourth.* The court erred in refusing to give to the jury instructions asked by defendant and embodied in the bill of exceptions in the abstract. *Fifth.* The court erred in refusing to set aside the verdict of the jury, and in not granting defendant a new trial. *Sixth.* The court erred in rendering judgment against defendant on said verdict."

The question is made by counsel for appellee that all of these assignments are insufficient except that numbered 4. The first assignment does not point out the testimony to which objection was made. The motion of defendant to instruct the jury to return a verdict for defendant was based upon three grounds, and the second assignment of error does not designate the ground upon which appellant relies. There were three special interrogatories submitted by the defendant, with a request that the court give the same to the jury, which was refused. The assignment of error numbered 3 does not specify with particularity as to which of the interrogatories should have been submitted to the jury. The motion to set aside the verdict, and for a new trial, was founded upon seven grounds, and the assignment of error with reference thereto is general, and without specification. These assignments of error cannot be considered. Section 3207 of the Code provides that assignments of error must point out the very error objected to, and that among several points in a demurrer or motion the assignment must designate which is relied on as an error, and the court will only regard errors which are assigned with the requisite exactness. It is plain that the assignment of errors last above set out is insufficient, and cannot be considered. *Peck v. Hendershott,* 14 Iowa, 40; *Arnold v. Arnold,* 20 Iowa, 273; *Reilly v. Ringland,* 44 Iowa, 422; *Oschner v. Schunk,* 46 Iowa, 293. And the assignment of error numbered 6 must also be disregarded. *Tomblin v. Ball,* 46 Iowa, 190.

II.   The only assignment which can be considered is that based upon the refusal of the court to give an

**2. INSTRUCTIONS: repetition not required.** instruction to the jury at the request of the defendant.   There was but one instruction requested.   The instructions given by the court to the jury are not set out in appellant's abstract. But it is claimed that the court did give an instruction involving the same questions of law as those embodied in the one requested by appellant, and refused. Appellee, in an amended abstract, set out the charge to the jury in full, and claims that all questions in the case were therein fairly presented to the jury. An examination of the instructions leads us to the conclusion that there was no error in refusing the instruction in question.   The court so fully and fairly instructed the jury that there could have been no reasonable ground of complaint in this respect.

Counsel for appellant filed a motion asking that the costs of the abstract filed by appellee be taxed to

**3. APPEAL: costs of amended abstract.** her.   The motion will be overruled,   The greater part of said abstract consists of the charge of the court to the jury.   It was necessary for the purpose of showing that there was no error in refusing to give the instruction asked by the defendant.

AFFIRMED.