LINDA BLOCKER, Appellee, v. FRITZ SCHOFF, Appellant.

1.  **Practice in Supreme Court:** ASSIGNMENTS OF ERROR. An assignment of error to a ruling upon a demurrer, that the court erred in sustaining the demurrer to a count specified in a pleading, where several grounds of demurrer are set forth, involving different questions, is too general to entitle the appellant to have such ruling reviewed in the supreme court.

2.  **Slander:** GOOD FAITH: DAMAGES. The belief that a slander is true, and the good faith of the person uttering the same, may be shown in mitigation of damages, but will not prevent the recovery of substantial damages for the injury sustained.

3.  ———: DAMAGES: INSTRUCTIONS TO JURY. The jury were instructed that certain matter set forth in the instructions was pleaded by the defendant in mitigation of damages, and that, if established, it should be considered by them in estimating the damages to which the plaintiff was entitled. *Held,* that the jury must have understood that the matter in question was to be considered in mitigation of damages.

4.  ———: MALICE: EXEMPLARY DAMAGES. In an action for slander proof that actionable words were spoken is sufficient evidence of malice to warrant an instruction to the jury that if they found that the slander in question was uttered by the defendant with actual malice they should allow the plaintiff exemplary damages.

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

WEDNESDAY, JUNE 3, 1891.

ACTION on account of an alleged slander. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*P. B. Wolf,* for appellant.

*W. C. Grohe* and *Ellis & McCoy,* for appellee.

ROBINSON, J.—I. The plaintiff was twenty years of age when this action was commenced, and had never

1. PRACTICE in supreme court: assignments of error.

been married. She alleges in her petition that in September, 1888, at or near Lost Nation, Iowa, the defendant falsely and maliciously said of and concerning her: "She gave birth to an illegitimate child while she lived in Ida Grove, Iowa, and I can prove it." The first division of the answer contains a general denial; the second pleads matter in mitigation of damages; and the third alleges, "as a complete defense" to the action, in substance, that it was currently reported, and generally believed, at Lost Nation and vicinity, that the plaintiff did give birth to a child; that the defendant believed the report to be true, and whatever he said with reference to the plaintiff was what he had heard as to the report, and was only said in strict confidence to one Sellers, who was at that time an intimate personal friend of the defendant, who was "keeping company" with plaintiff; that all he told Sellers was that there was a rumor at Lost Nation, which was the home of the plaintiff, that she had given birth to a child; that what was said to Sellers was told because he considered that Sellers had an interest in and a right to know what was

said of the plaintiff. A demurrer was filed, as we understand the record, to the third division of the answer erroneously described as the second, based upon three grounds, stated as follows:

"*First.* The said answer or count does not aver that defendant sustained any relation to said Sellers, whereby defendant was interested or would be affected in property, reputation or otherwise, on account of said Sellers keeping company with said plaintiff. *Second.* It is not a justification to speak falsely concerning a young lady, and ruin her character in the estimation of a young gentleman keeping her company on account of or on the ground of friendship or protection of such gentleman's interests. *Third.* Said matter is pleaded as a justification or a privileged communication, and does not state facts which amount to such justification."

The error assigned as to the ruling on the demurrer is that "the court erred in sustaining the demurrer to the second count of the defendant's answer." The appellee objects that the assignment is too general, and we think the objection is well taken. The different grounds of the demurrer present different questions, and, according to the rule repeatedly announced by this court, the assignment is insufficient, and cannot be considered. Code, sec. 3207; *Town of Waukon v. Strouse*, 74 Iowa, 548, and cases therein cited.

II. The appellant discusses the correctness of numerous rulings of the court in regard to the admission of evidence. The appellee contends that the questions thus discussed are not sufficiently presented by the assignments of error. The assignments are of the same character as those held insufficient in *Albrosky v. Iowa City*, 76 Iowa, 301, and other cases. Following the rule of those cases, the assignments must be disregarded.

III. The court refused the request of the defendant to instruct the jury as follows: "If you find from

2. SLANDER:
good faith:
damages.

the evidence that the defendant did not originate the story that plaintiff had a child out West, but only told what he had heard, and told it as hearsay, that is, not as knowing the facts himself, only that he heard others say so; and, if you further find that he believed said story to be true, and told the same in confidence and good faith to one Sellers, under the honest belief that Sellers had an interest in knowing what was said of the plaintiff, and not with any intention of injuring the plaintiff or doing her any wrong,—then, and in that event, your verdict will be not for more than nominal damages in favor of the plaintiff."

The instruction was properly refused. The belief and good faith of the defendant in uttering the slander, if proven, might be considered in mitigation of damages, but would not prevent the recovery of substantial compensation for the injury sustained. The instruction also ignores the fact that, even though the defendant believed the statement in question to be true, and though he made it to Sellers thinking that he had an interest in knowing it, yet, if made maliciously, he would be liable for more than nominal damages. A person who repeats a slander does so at his peril, and cannot escape the consequences which naturally follow his act; because, although mistaken as to the fact, he acted in good faith. Whether the defendant stood in such relation to Sellers as to make it proper for him to volunteer the statement he made is a question we need not determine. What we have said in regard to the instruction just considered disposes of several questions presented in regard to the second instruction asked by the defendant and refused, and in regard to portions of the charge given.

IV. The appellant complains of the sixth paragraph of the charge on the ground that it did not

instruct the jury that, if they found the matter pleaded by the defendant in mitigation of damages to be true, they should consider it in mitigation of damages. We do not think the complaint is well founded. The jury were told that the matter in question was pleaded in mitigation of damages, and that, if true, it would not constitute a complete defense to the suit, but, if it was established, they should consider it in "estimating the damages to which plaintiff is entitled." It must be assumed that the jury were possessed of at least ordinary intelligence, and, if they were, they could not have understood that they were at liberty to consider the facts pleaded in mitigation of damages, and proven for the purpose of increasing the amount to be allowed the plaintiff.

*3. ——: damages: instructions to jury.*

V. The jury were instructed, in effect, that, if they found for the plaintiff, and also found that the slander in question was uttered by the defendant with actual malice, they would be authorized to allow the plaintiff exemplary damages. The appellant contends that there was no evidence of actual malice. The words the defendant is charged with having used are actionable, and proof that they were spoken is evidence of malice. There was other evidence admitted which tended to strengthen the presumption of malice. In our opinion, the objection of the appellant is not well founded.

*4. ——: malice: exemplary damages.*

VI. Other questions are discussed by counsel which are not of sufficient importance to receive special mention. We find no error in the record prejudicial to the defendant.

The judgment of the district court is, therefore, AFFIRMED.