# THE KEOKUK STOVE WORKS V. D. HAMMOND & SON, *et al.,* Appellants.

**Practice: OPENING AND CLOSING.** Defendant filed and withdrew an answer. Later, he filed a substituted answer in which he admits the execution of the contract sued on and that the goods claimed on were shipped under the contract, and it denies that the sum *claimed* is due. It then sets out an affirmative defense and makes a tender of a sum admitted to be due. *Held,* that the first answer not being before the court, it cannot determine whether it was an abuse of discretion not to permit defendant the opening and closing.

**Assignments of Error: TOO INDEFINITE.** Erred in sustaining objection to the testimony of A, B, and C; in overruling objections made by defendant to the testimony of A and each of the witnesses introduced by plaintiff; in giving instructions 4, 6, 7, 11½, 12 and 13; in holding that the verdict of the jury was not contrary to law; in holding that the verdict was sustained by the evidence; in overruling defendant's motion for a new trial and rendering judgment on the verdict. •

**SAME: EXCEPTIONS.** Error involved in a charge, which charge is not excepted to, cannot be reviewed on appeal.

*Appeal from Monroe District Court.*—HON. W. D. TIS-DALE, Judge.

## WEDNESDAY, MAY 22, 1895.

Action upon a written contract, to recover three hundred and fifty-seven dollars, with interest, for stoves sold and delivered. Defendants answered, and the case proceeded to trial. After plaintiff rested, the defendants withdrew their answer, and filed a substituted answer. The original answer is not set out in the record. In their substituted answer they admitted the execution of the contract, and that the plaintiff shipped to them the stoves described therein, but denied that there is due to the plaintiff the sum claimed. They alleged, by way of affirmative defense, a breach of said

contract on the part of the plaintiff, to their damage, and that they were induced to enter into said contract by certain false and fraudulent representations of the plaintiff's agent; that by reason of said breach of the contract, and of said fraud, they have been damaged in the sum of two hundred dollars; and that there is due to the plaintiff not to exceed one hundred and fifty-seven dollars, which amount they paid into court for the use of the plaintiff, together with four dollars, as the accrued costs. Plaintiff, in answer to said counter-claim, denied every allegation thereof, and alleged that defendants had sold a large portion of said stoves, and offered the balance for sale, wherefore they have waived the right to complain of the alleged defect therein. A verdict was returned in favor of the plaintiff for three hundred and twenty-three dollars and seventy-two cents, and judgment entered thereon, from which the defendants appealed.—*Affirmed.*

*J. C. Mabry* and *W. A. Nichol* for appellants.

*T. B. Perry* and *J. C. Davis* for appellee.

Given, C. J.—I. Appellants present as their assignment of errors the following: "(1) The court erred in refusing to permit the defendants to open and close the case, while at the same time the burden of proof in the whole case was on the defendants. (2) The court erred in sustaining objections of the plaintiff to the testimony of David Hammond, T. C. Hammond, and M. M. Hinton. (3) The court erred in overruling objections made by the defendants to the testimony of J. M. Walters, and each of the witnesses introduced by the plaintiff. (4) The court erred in refusing to allow defendants to show that one J. R. Duncan had and kept for sale the same kind of stoves which plaintiff sold to defendants, from

the time said contract or order was made till the time of the trial of this case, and that such stoves were constantly offered for sale during said time, for the purpose of showing fraud and misrepresentation, as well as a breach of contract. (5) The court erred in giving instructions four, six, seven, eleven and one-half, twelve, and thirteen. (6) The court erred in holding that the verdict of the jury was not contrary to law. (7) The court erred in holding that the verdict of the jury was sustained by the evidence. (8) The court erred in overruling defendants' motion for a new trial, and rendering judgment on the verdict." Not having the answer before us upon which the case proceeded to trial, we cannot determine upon which party the burden rested. It does not appear in the record that the defendants at any time claimed the right to open and close the case, nor that the court refused them such a right; but, even if that did appear, we could not say, in the absence of the answer, that it would have been an abuse of discretion, or prejudicial to the appellants. Section 3207 of the Code is as follows: "An assignment of error need follow no stated form, but must, in a way as specific as the case will allow, point out the very error objected to. Among several points in a demurrer, or in a motion, or instructions or rulings in an exception, it must designate which is relied on as an error, and the court will only regard errors which are assigned with the required exactness; but the court must decide on each error assigned." It will be observed that the assignments numbered 2, 3, 5, 6, 7, and 8 are not as specific as the case will allow, and do not point out the very error objected to. This court has uniformly held that such assignments cannot be considered. See *Moffatt v. Fisher*, 47 Iowa, 474; *Albrosky v. Iowa City*, 76 Iowa, 301; *Blair v. Madison Co.*, 81 Iowa, 317; *Blocker v.*

*Schoff*, 83 Iowa, 267.   As a further reason why the fifth assignment cannot be considered, it does not appear that any exceptions were taken to the giving of the instructions now complained of.

II.   The written contract sued upon is in the form of an order from D. Hammond & Son to the plaintiff for certain numbers and kinds of stoves known as "American Oak." This instrument is signed by D. Hammond & Son, and by J. M. Walters, salesman of the plaintiff and contains this provision:

"This order gives exclusive sale of American Oaks in Albia for one year, with privilege of continuing sale in the future, and is absolutely unchangeable, and not subject to countermand." The breaches of the contract alleged in defendants' substituted answer are that the stoves were not of the kind and quality required by said contract, and that defendants were not given the exclusive sale of said stoves in Albia for one year, for that one J. R. Duncan has all the time had stoves of that same kind in stock and for sale at Albia. The two abstracts show as follows: "The defendants offered to show by this witness that Mr. Duncan had a stock of these stoves on hand at the time that the defendants gave their order, that defendants did not know of such stock, and that plaintiff represented to defendants that he had taken from Mr. Duncan the right to sell these stoves; and they propose to show that the stoves remained in stock and for sale at Mr. Duncan's store during the whole time, and up to the present time, and that these defendants were not able to make any sales of the stoves in question at anything above the cost price, and that the said Duncan has during all of the time offered to sell to the public stoves of the same kind and make at a price not exceeding the cost price of the stoves in question.   The offer is objected to as immaterial, incompetent, and not

a proper measure of damages, for the reason that there was no obligation on the part of plaintiff to prevent John R. Duncan from selling the stoves purchased before the date of this contract." Upon this objection the court ruled as follows: "I will sustain the objection, unless the defendants claim to be able to show that the plaintiff sold Mr. Duncan stoves after the date of the order in controversy." During the trial, appellants' counsel stated, "We do not expect to prove, or offer any evidence to prove, that sales were made to J. R. Duncan by this plaintiff after having made this contract with these defendants." Appellants' contention was that, under said written contract, appellee was bound to protect them in the exclusive right to sell said kind of stoves in Albia for one year. Appellee contends that it was only bound not to furnish that kind of stoves to any other person in Albia than the appellants during that year. The court construed the contract as claimed by appellee, and, there being no evidence that appellee had furnished said kind of stoves during the year to any other person in Albia than the appellants, instructed the jury as follows: "You are instructed, under the state of evidence now before you, there is no question before you on the clause of the contract which gives the defendants the exclusive sale of American Oak stoves in Albia, Iowa; and you will not consider this question, and will not allow the defendants anything for an alleged breach of that part of the contract." This instruction was not excepted to and must therefore be taken as the law of the case. Hence there was no error in the ruling complained of.

There was no error in overruling appellants' motion for a new trial. Under the law of the case, and the evidence, the verdict has ample support. Our conclusion is that the judgment of the district court must be *affirmed*.