## J. N. KOENIGS v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Action for Stock Killed:** EVIDENCE: *Court and jury.* In an action against a railroad company for stock killed, it appeared that there was a gate between defendant's road and plaintiff's pasture, through which the stock got on defendant's tracks; that stock had run in the pasture for two years, without opening the gate; the jury found, specially, that on the evening before the killing, the gate was "properly closed and fastened;" and it appeared that, on the next morning, it was found open in such a way as would require it to have been unhooked, pushed back two feet, and then carried around into the pasture; but there is no evidence as to how it was opened. There was, also, evidence tending to show that the fastenings were not proper ones. *Held*, that there was no evidence of defendant's negligence.

**Assignment of Error:** DEFINITENESS. Assignments of error, which state that the court erred in giving instruction of certain numbers, and in refusing instruction's asked, of certain numbers, without assaulting "each" are too indefinite.

SAME. An assignment that the court erred in each and every particular mentioned in a motion for a new trial, to which reference is made, and which is made a part of the assignment, does not present to the appellate court the objection that the evidence does not support the verdict, and that the latter is contrary to the evidence, although that objection was one of the sixteen distinct grounds included in the motion.

NECESSITY FOR. The objections that the general verdict is contrary to and inconsistent with special findings, and that said findings are against the undisputed evidence, cannot be asserted without an assignment.

### SUPPLEMENTAL OPINION —MAY 26, 1896.

It is intended to adhere to the rule that under Code, section 1289, the proof of certain facts raises a presumption that a railroad company was negligent, and the holding is, that this presumption has been overcome.

*Appeal from Shelby District Court.*—HON. A. B. THOR-
NELL, Judge.

FRIDAY, DECEMBER 13, 1895.

ACTION to recover double damages for stock
injured, also for stock killed. Trial by jury. Ver-
dict and judgment for plaintiff. Defendant appeals.
—*Reversed.*

*Byers & Lockwood* for appellant.

*B. I. Salinger* and *T. R. Mockler* for appellee.

KINNE, J.—I.   Plaintiff was in the years 1890 and
1891, the owner of a farm lying about one-half mile
north and east of defendant's station called "Earling,"
in Shelby county, Iowa. The railroad track ran
through said farm from northeast to southwest. On
the south and east side of defendant's line of railway,
and adjoining its right of way, plaintiff had a pasture
wherein the stock claimed to have been killed, was
kept. There was a gate in the company's right of
way fence, which opened from said pasture into the
right of way. The petition charges that about Sep-
tember 15, 1890, the defendant, by one of its trains,
killed a calf belonging to plaintiff; that about April 20,
1891, defendant, by its section hands, willfully and
negligently caused the death of another calf, the prop-
erty of plaintiff, by driving it off the right of way
(upon which it had escaped by reason of negligent
fencing) upon a bridge upon said right of way; and
charges that at the same time and place they injured
and damaged another calf; that on June 4, 1891, at
the same place, and by the same means, it killed a
two-year old filly, the property of plaintiff, also a year-
ling colt; that at the same time and place defendant

injured and damaged a gelding and a two-year old filly, the property of plaintiff; that all of said animals were, just prior to their killing and injury, kept in the pasture before mentioned, and escaped therefrom upon said right of way, by reason of the defective and negligent manner in which defendant maintained the fence and gates thereon, and cattle-guards used by it as a part of the inclosure of said pasture. The defendant admits its corporate capacity; admits the killing of one of the calves and the filly and colt, and the injury of the gelding, and that all of the animals described in the petition, prior to their killing and injury, were kept in plaintiff's pasture; and denies all other allegations of the petition.

II. The first claim is that the evidence does not support the verdict, and that the latter is contrary to the evidence. There is no sufficient assignment of error to warrant us in considering this claim. The only assignment which can in any way be said to relate to the sufficiency of the evidence is as follows: "(7) The defendant specifically claims that the court erred in each and every particular mentioned in his motion for a new trial, to which reference is here made, and which is made a part hereof." The motion for a new trial contained sixteen distinct grounds. Counsel for appellant claim this assignment of error is sufficient, and refer to *Stevens v. Brown*, 60 Iowa, 406 (14 N. W. Rep. 735). The assignment in that case reads: "The court erred in overruling plaintiff's motion for a new trial." It was held insufficient. In that case the motion embraces six grounds, while in this it contains sixteen grounds. The law requires that assignments of error must be as specific as the case will allow, and point out the very error objected to. Code, section 3207. The form of the assignment in the case at bar is, in effect, the same as in the cited case. We need not refer to the multitude

of cases wherein we have held that such an assignment presents nothing for our consideration.

III.    It is claimed, that the verdict is contrary to the instructions of the court, and that the court erred in giving certain instructions, and in refusing to give those asked by the defendant.    The assignments of error are as follows:    "The court erred in giving to the jury instructions numbered 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11, and which were excepted to when given."    "The court erred in refusing to give to the jury instructions asked by the defendant, numbered 1, 2, 3, 4 and 5; the refusal to give being excepted to at the time."    The sufficiency of these assignments of error is questioned.    Appellant, in their support, relies upon the following cases:  *Clark v. Ralls*, 50 Iowa, 275;  *Schaefert v. Railroad Co.*, 62 Iowa, 624 (17 N. W. Rep. 893);  *Wood v. Whitton*, 66 Iowa, 295–300 (19 N. W. Rep. 907) and (23 N. W. Rep. 675);  *Hammer v. Railway Co.*, 70 Iowa, 624 (25 N. W. Rep. 246).    In  *Clark's Case*  the assignment read:  "The court erred in giving to the jury, upon its own motion, each of the instructions mentioned, 5, 6, 7, 8, 9, 10 and 11."    In  *Schaefert's Case*, the form of the assignment is not given, but the claim was, that the assignments of error must point out, not the instruction objected to, but the particular error ruled upon, and it was said, that the statute did not so require.    In  *Wood's Case*, the assignments read:  "The court erred in giving the tenth, eleventh, and twelfth divisions of charge, and each one thereof."    "The court erred in refusing to give the jury the first, second, third and one-half, fourth, fifth, sixth, ninth, eleventh, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth instructions asked by the defendant, and each one thereof."    In  *Hammer's Case*, the assignments read:  "Refusing instructions one to twenty, asked by defendant, and refusing each."    "Giving instructions one to

eight, given by the court, and giving each." The assign-
ments in the case at bar do not come within the rulings
of the cases relied upon. In all of them, the assignments
were to the giving or refusal to give "each" instruc-
tion mentioned.    It was held in *Blair v. Madison
County*, 81 Iowa, 318 (46 N. W. Rep. 1037), that an assign-
ment directed against all the instructions, *en masse*, no
particular error being specified, was insufficient; and
the same holding was made where the assignment
was directed generally against all of the instructions
by number, only.    *Wicke v. Insurance Co.*, 90 Iowa, 4
(57 N. W. Rep. 634).    And an assignment reading,
"The court erred in giving instructions four, five, six,
seven, eleven and one-half, twelve, and thirteen," was
held bad.    *Keokuk Stove Works v. Hammond*, 94 Iowa,
694 (63 N. W. Rep. 564).    The assignments in the case
at bar are not more definite than those in some of the
cases above referred to, which were held insufficient.
The assignments in the case at bar group ten instruc-
tions together, and must be treated as insisting that
the giving of all of them was error.    It is to all
intents and purposes but one assignment, directed to
the entire ten instructions, though the numbers are
given.    So of the error assigned upon the refusal to
give the five instructions.    Now, even if we should
treat these assignments as in compliance with the
statute, still they should not be held good if a
single instruction given was correct, and as to those
refused, if a single one was wrong, then there
was no error.    Now, of those given, no claim
is made that all of them were erroneous.    In
our view, neither assignment is sufficient.    The
writer is of the opinion that, under the stat-
ute, assignments of errors to instructions, to be suffi-
cient, should not only designate the particular
instruction complained of, but also briefly point out
wherein the whole instruction, or any part of it

objected to, is erroneous.    Such a rule would work no hardship, and would greatly aid opposing counsel and the court in arriving at a speedy and intelligent understanding of the real matters complained of.    As is said in *Morris v. Railway Co.*, 45 Iowa, 30: "Each assignment should require the consideration of but a single error.    The errors should be separated and numbered, for reference and discussion."    We do not wish to be understood as now holding that an assignment of error must, to be considered, specify the very error in any instruction complained of, but we do suggest that such is the desirable and proper practice. Code, section 3207.

IV.    It is said that the general verdict is contrary to and inconsistent with the special findings. We fail to find any assignment of error raising this question, and hence cannot consider it.

V.    It is also urged that the special findings are not supported by the evidence; that, in fact, they are against the undisputed testimony. There is no assignment of error raising this question.

VI.    But one question remains in the case, for consideration.    At the close of the evidence, the defendant made two motions to direct a verdict for it,—the first one, for the reason that there was an entire failure on part of plaintiff to show any negligence on part of the defendant, and that the undisputed testimony showed that the gate was in good repair, and provided with proper fastening; the second motion (made subject to the first) was to take from the jury the question of the liability of the defendant for killing and injuring the horses, for substantially the same reason above given.    Both motions were overruled and an exception taken.    Specific assignments of error are made touching these rulings. Plaintiff's real claim is that the gate was improperly

constructed, and its fastenings were in a defective or worn condition. There was evidence tending to show and the jury found that the fastenings were not proper. If, however, all this be conceded, still the question remains, did the animals come upon the railroad right of way through the gate? From our examination of the record, we fail to find any evidence which so shows. The jury specially found that at 7:30 P. M., the night before the killing of the stock, the gate was "properly closed and fastened." It appears that the stock had run in this pasture for years, and were never known to work open this gate; that it was a heavy gate; that, the morning of the killing of the stock, the gate was found wide open,—wide enough, as one witness says, to let a load of hay go through. To so open the gate, it must have been unhooked, pushed back two or three feet, and then carried around into the pasture. In the absence of evidence to show how this was accomplished, it is exceedingly improbable that it was done by stock. How this gate was opened is a matter of speculation, merely. It is plaintiff's theory that the cattle worked it open, but it is manifest, from the condition in which it was found the next morning, that such a conclusion is no more likely to be correct than many another one which might be reached. If this gate was opened by some person unknown, after 7:30 o'clock at night, surely defendant should not be held liable for the consequences following such an act, when there is no claim that it had any knowledge that the gate was open. *Asbach v. Railroad Co.*, 74 Iowa, 250 (37 N. W. Rep. 182); *Wheelan v. Railroad Co.*, 85 Iowa, 175 (52 N. W. Rep. 119). We cannot consider the evidence more fully. We think there was no evidence of any negligence of the defendant which caused the escape of the animals onto the right of way,

and the motion to direct a verdict should have been sustained.—REVERSED.

## SUPPLEMENTAL OPINION ON RE-HEARING.

### MAY 26, 1896.

PER CURIAM.—Counsel for appellee contends that the opinion heretofore filed in this case (65 N. W. Rep. 314) gives no force and effect to the presumptions as to the negligence of the defendant which the statute, upon the proof of certain facts, raises in favor of the plaintiff. Code, section 1289. The holding, in effect, was that the statutory presumptions referred to had been fully overcome by other evidence in the case, which is fully set forth in the opinion. While the provisions of the statute were not discussed in the opinion, a careful reading of it, in the light of the evidence set forth therein, makes it clear that the holding is in no way in conflict with *Manwell v. Railway Co.*, 80 Iowa, 666 (45 N. W. Rep. 568), or other cases. The petition for a re-hearing is overruled, and the judgment below is REVERSED.