WILLIAM LIEFHEIT, Appellant, v. JOS. SCHLITZ BREWING COMPANY.

**Appeal:** INSTRUCTIONS: *Objections b low.* Where instructions were not excepted to when given, they will not be reviewed on appeal.

**REVIEW:** *Abstract.* Excluding evidence as to whether a copy of an exhibit was served on one of the parties is not error although the abstract of the party complaining of the ruling contains an alleged copy of the exhibit, where the transcript discloses no such paper

as offered in evidence and the abstract of the other party to the appeal denies that any such exhibit was identified or introduced.

HARMLESS ERROR   Striking out evidence as to the particular matters. for which a debtor paid money to other parties at his creditor's.
3   request is not prejudicial error in an action to recover the money so paid on the ground that the debt due from the debtor to the creditor was incurred on an illegal contract, where the amount and nature of payment is not disputed.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, OCTOBER 19, 1898.

ONE Jurries purchased intoxicating liquors of defendant company, and paid therefor, and this action by his assignee is to recover the amount so paid, together with a smaller sum which, it is claimed, was advanced and paid by Jurries for different purposes, at defendant's request. There was a jury trial which resulted in a verdict for defendant, upon which judgment was duly entered. Plaintiff appeals.—*Affirmed.*

*Timothy Brown, E. C. Preston, Jamison & Smyth,* and *McVey & McVey* for appellant.

*Preston, Wheeler & Moffet, Rickel & Crocker,* and *George H. Wahl* for appellee.

WATERMAN, J.—Counsel for appellant devote a very considerable portion of their argument to a discussion of matters which we may accept as established in accordance with their claims. We start, then, with the assumption that the sales in question were made in Iowa; that they were illegal; and that the money so paid may, under our law, upon a proper showing, be recovered back. The court, in the third paragraph of its charge to the jury, said, in substance, that, to entitle plaintiff to recover, he must prove that he made demand upon defendant for the money claimed, before suit brought. No complaint is made of this rule of law. But it is argued at great length that the evidence shows that no demand was in

fact made.  The testimony is conflicting on this point, and, if the jury found, as we think it must, that no demand was made, the finding cannot be said to be without reasonable support.  The petition is in two counts.  In the first, claim is made for ten thousand seven hundred and three dollars and thirty-three cents, money paid defendant for beer purchased; and, in the second count, seven hundred and seventy-eight dollars and forty-five cents is claimed as having been paid to ·different parties at defendant's request.  The court applied the doctrine of demand to the whole amount sued for.  No ·exception is taken to this, however.

II.    Complaint is made of the court's refusal to give the ninth instruction asked by plaintiff.  We think the subject-matter of this instruction is fully covered by the fourth paragraph of the charge as given.

III.    Errors are also assigned on the giving of the sec-·ond and fifth paragraphs of the charge.  As to the second instruction, it does not profess to announce a rule of law gov-·erning the case, but is merely the statement of an issue tendered by defendant in its answer.  It does not say, as coun-·sel seem to think, that the liquors were purchased in the state ·of Wisconsin, and the sale was therefore lawful.  It says only that defendant asserts this in its answer, and so, in fact, it ·does.  Among other criticisms of this instruction, it is said it assumes that the sale of intoxicating liquor is lawful in the state of Wisconsin, when the presumption is that the law of that state is the same as our own.  Unfortunately for this presumption, we find in the transcript to which we have been frequently driven by the confused state of the record, an agreement of counsel to the effect that the traffic in intoxi-·cating liquors is lawful in the state of Wisconsin.

The objection to the fifth instruction we cannot consider.  In the abstract of appellant it is stated generally that -all of the instructions were excepted to when given.  This is denied by appellee, and it is expressly charged that no objection was made to paragraph 5.  The record, including the original instructions, has been certified to this court, and, after a careful examination, we find that

appellee is correct. Under the circumstances, we must decline to review the legal proposition contained in this paragraph. *Stove Works v. Hammond,* 94 Iowa, 694; *Norris v. Kipp,* 74 Iowa, 444; *Kirk v. Litterst,* 71 Iowa, 71.

IV.   Jurries, while upon the witness stand, was asked, on behalf of plaintiff, this question: "State whether or not a copy of Exhibit Q2, and of the account thereto attached, was served upon the defendant company; if so, upon what officer of the company and when and where?" Defendant's objection, that it was incompetent and immaterial, was sustained, and error is predicated upon the ruling. An exhibit marked "Q2" appears in the abstract of appellant, but appellee denies, in an additional abstract, that any such exhibit was ever identified or introduced. The transcript discloses no such paper as having been offered by counsel or identified by the reporter. With the record in this condition, we cannot say there was any error in the ruling, for, without the paper referred to, the question is not intelligible.

V.   The witness Jurries gave testimony with relation to the particular matters for which he paid the money that is claimed in the second count of his petition. On defendant's motion this evidence was stricken out. It might have been permitted to stand, but the ruling was not and could not have been prejudicial. The amount he paid was not disputed. The immediate purpose of the payment was not in itself material, for the money so paid was with his consent, in all cases, and, in some, at his express request, applied on his account for the purchase of beer; that is, he paid in these instances for the beer, not directly to defendant, but to other persons, who were appointed by defendant to receive the money. Some other issues are discussed relating to matters of evidence, but, as the testimony is in conflict, we shall not review them. No reason appears to warrant us in interfering with the judgment. It is therefore AFFIRMED.