# Rahauser *against* Schwerger Barth.

Slanderous words must be set out in the language in which they were spoken. An amendment of the declaration, which changes the words from one language to another, is demandable of right by a plaintiff: it is error to refuse it.

ERROR to the common pleas of *Butler* county.

In an action of slander, in which the plaintiff in error was the plaintiff below, the declaration set forth, that the Rev. C. G. Schwerger Barth, the defendant, uttered the following words of the plaintiff as a minister of the gospel: "That it was against the will of Mrs Boyer, the widow of the Rev. John Boyer, and that if he [the Rev. Daniel Rahauser meaning] said he [meaning the said Rev. Daniel Rahauser] preached the funeral sermon, he [meaning the said Rev. Daniel Rahauser] was an infamous liar." On the trial it appeared that the words were spoken in the German language. The plaintiff's counsel then moved to amend the declaration by inserting the words in German. The amendment was overruled, to which exception was taken, and error is here assigned.

*Fetterman* and *S. A. Gilmore*, for the plaintiff in error, contended that the charge was the same whether expressed in German or in English; and that the plaintiff was of right entitled to the privilege of an amendment, as it would have produced no change in the cause of action. Rodrigue *v.* Curcier, 15 *Serg. & Rawle* 81; Diehl *v.* M'Glue, 2 *Rawle* 327.

*Ayres*, contra. The declaration did not set forth a good cause of action. There could be no recovery upon it. The words were laid with an *if*, as having been spoken hypothetically. Where then

[Rahauser v. Schwerger Barth.]

was the necessity or utility of inserting the words in German, if they were not actionable ? No amendment in matters of form could supply a substantial defect in the declaration. And an amendment, which goes to change the cause of action, is not admissible on the trial, as the opposite party are entitled to notice. Yundt *v.* Yundt, 12 *Serg. & Rawle* 427.

PER CURIAM.—Though it is by no means clear that the amendment would have made the words actionable, without an averment that the plaintiff had in fact preached the funeral sermon alluded to ; yet it was demandable of right, and ought to have been allowed. Slanderous words must be set out in the language in which they were spoken ; and the leave required went no further than to enable the defendant to comply with the rule by doing so. No change in substance was proposed ; and it is not easy to imagine an objection.

Judgment reversed.