Blackfqkd, J.
This was an action of slander brought against husband and wife, for slanderous words spoken by the wife in the French language. The declaration *377 sets ^ut the words in the language in which they were spoken, and then gives their signification in English, and avers that the words spoken were understood by those who heard them. The words laid, according to the translation given of them in the declaration, charge the plaintiff with being a thief; with having stolen a ring, Ac. Pleas, the general issue, and two special pleas. The Circuit Court, on demurrer to the special pleas, held the declaration to be insufficient, and gave judgment for the defendants.
The special pleas profess to answer the whole declaration and only answer a part. They are therefore bad on general demurrer.
The declaration is objected to, on the ground that the translation there given of the French words, alleged to have been spoken, is not the true one. That objection could not be taken on demurrer, as the translation is admitted, by the demurrer, to be correct. Stark, on Slander, 309.
On the question, whether the words laid are actionable, we can only be expected to understand and examine the English words; and they are actionable.
It was necessary for the plaintiff to aver in the declaration what he understood to be the meaning in English of the French words charged; Zenobio v. Axtell, 6 T. R., 162; Rex v. Goldstein, 3 Brod. & Bing., 201; Wormouth et ux. v. Cramer et ux., 3 Wend., 394; and he must prove on the trial, under the general issue, not only the speaking of some of the French words laid, and which are actionable, but he must also prove that the translation given of the actionable words proved is correct. 4 Phill. Ev., 240. On the trial of an information for a libel in the French language, the course pursued was as follows: 1, The publication by the defendant of the libei was proved; 2, An interpreter was called, who swore that ho, understood the French language, and that the translation was correct. The interpreter then read the whole of' that which was charged to be a libel in the original, and *then the translation was read by the clerk. R. v. Peltier, 2 Selw. N. P., 1070, note.
P. H. Colerick and W. PE. Coombs, for the plaintiff,
jR. PraeJcenridge, for the defendants.
Per Curiam.—The judgment is reversed with costs. Can ie remanded, &c.