*W. R. Harrison*, *J. W. Gordon*, and *J. H. Connor*, for
the appellant.

May Term,
1859.

KERSCH-
BAUGHER
v.
SLUSSER.

---

KERSCHBAUGHER *v.* SLUSSER.

Where slanderous words are uttered in a foreign language, the complaint
should set out the words in that language, with a translation.

If slanderous words are charged to have been spoken in the *English* language,
there will be a variance if the proof show that they were spoken in another
language.  The code has not changed the rule.

After the jury are sworn, and have heard a part of the evidence, a new issue
should not be tendered without cause shown; and if the issues are permit-
ted to be changed, the jury must be re-sworn.

APPEAL from the *Huntington* Circuit Court.

HANNA, J.—This was an action for slander.  Three sets
of words were laid in the complaint, as having been
spoken by the defendant.  One set laid in the *German*
language, with an *English* translation.  Two sets in the
*English* language.  General denial.  After the plaintiff
had closed his evidence to the jury, the defendant asked
and obtained leave, over the objection of the plaintiff, to
file an answer, setting up the statute of limitations.

The Court refused to give the following instruction
asked by the plaintiff:

" That under the present practice, no language can be
recognized in the pleadings but the *English;* hence, it is

Monday,
June 13.

unnecessary for the plaintiff in the case to allege the slan-
derous words to have been spoken in any other language
than the *English,* although they might have been spoken
in a different language."

The jury found generally for the defendant, and also as
follows, upon special points, to-wit:

" Question 1. Did the defendant speak, of and concern-
ing the plaintiff, the following words in the *German* lan-
guage, and if so when:—' *Conrad* could have stayed in my
house longer, if he had not stolen corn out of my crib, but
by his stealing corn he must leave?'

" Answer. ' Yes;' in *April,* 1854.

" Question 2. Did he speak the following words, and
when:—' *Conrad* stole corn out of my crib, now he must
leave my house?'

" Answer—' Yes;' time not proven.

" Question 3. Did he speak the following words, and
when:—' His fingers are too long, so long that they reach-
ed into my corn crib, and took my corn out of it?'

" Answer. ' Yes;' time not proven."

The speaking, in the answer to the first question alluded
to, was, it will be observed, barred by the statute, if that
was properly pleaded. And as to the sets of words in the
other two special questions mentioned, there is nothing
in the complaint showing, by averment or otherwise, that
they were spoken in any language other than the *English.*
It is, therefore, insisted that, as the publication of the slan-
derous words is found by the jury to have taken place, as
in said sets of words charged, the general verdict would
have been for the plaintiff, but for the refusal of the Court
to give the instruction asked. The ruling of the Court
was right. Where the words were uttered in a foreign
language, the averment should be in accordance with the
fact, setting forth the words in that language, together
with a translation thereof. If they are alleged as having
been spoken in the *English* language, it will be a variance
if the proof is that they were spoken in a foreign lan-
guage. 3 Phil. Ev. (10th ed.) p. 551. We do not think,

as is insisted by the appellant, that our new system of <span>May Term, 1859.</span> procedure has changed the rule in that respect.

As to the next point, it is provided by our statute (2 R. S. p. 48, § 99), that "the Court may, at any time in its discretion, &c., direct, &c., any material allegation to be inserted, &c., to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense."

It is insisted that, under the statute above referred to, the ruling of the Court in permitting the defendant to file the additional answer was proper. We have decided a very similar question heretofore, in the case of *Kerstetter* v. *Raymond*, 10 Ind. R. 199, in which it was held that after the jury was sworn, and had heard a part of the evidence, a new issue should not be tendered without cause shown, and then it would involve the necessity of re-swearing the jury to permit such change of the issues, for it would be, to some extent, a change of the questions to be tried.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. R. Slack*, for the appellant.

*L. P. Milligan*, for the appellee.