## Bower v. Deideker.

1. **Evidence**: SLANDER: MITIGATION. In an action for slander, testimony in proof of mitigating circumstances, pleaded in the answer and adjudged sufficient, should not be excluded.

2. **Slander**: PLEADING: FOREIGN LANGUAGE. Pleadings in our courts should be in the English language; whether in an action for slander for words spoken in German, the petition may set out a translation of them with an averment that the translation is correct, *quere.*

3. ———: ———: LANGUAGE SUBSTANTIALLY AS LAID. The modern rule respecting proof of words which are the cause of action for slander, is that it is sufficient if they are proved substantially as set out in the petition.

*Appeal from Hamilton Circuit Court.*

Thursday, June 11.

Action for assault and battery, and for slander. This appeal relates only to the latter. The slanderous words, as laid in the petition, with proper application, are, " you do as the whores do," " you act like the whores." The answer is a general denial, and also sets up mitigating circumstances, to-wit: that plaintiff is a married woman and circulated among her neighbors that she had twice taken drugs to produce miscarriage, and was once successful; also, had circulated that on her return from a visit to Wisconsin she had stopped off the train near Charles City, and staid over night in the same room with one Charles Bower, not her husband, who gave her money and some new shoes. And the defendant averred, that in a conversation, which was wholly in the German language, with plaintiff and others, respecting such statements to her neighbors, he said words in the German language, setting them out, to manifest his abhorrence of her conduct, the correct translation of which is, " that's the way the whores act." Jury trial, judgment for plaintiff. Defendant appeals.

*Clark & Moulton,* for appellant.

*Miracle & Kamrar,* for appellee.

COLE, J.—I. The plaintiff introduced herself as a witness, and testified to the speaking of the words, substantially as laid in the petition; she also testified that she had a miscarriage, a year and a half before, caused by overwork. On cross-examination she testified that the slanderous words were spoken wholly in the German language, and in a conversation carried on wholly in that language; and that she did not tell the defendant's wife that her miscarriage was caused by drugs. An interpreter was sworn and testified, that the correct translation of the slanderous words, spoken in the German language, was, " you make it like the whores make it," and, "that's the way the whores make it; " this witness also testified that the whole conversation, in which the slanderous words were spoken, was in the German language; all present understood that language. The plaintiff then rested.

The defendant introduced his wife as a witness, and she testified that she was present at the conversation in which the slanderous words were spoken; and that she also took care of the plaintiff when she had the miscarriage testified to by her. The defendant then asked the witness to " state what Mrs. Bower, (the plaintiff,) told you at the time of the miscarriage, and what she told you produced the miscarriage?" This was objected to, because immaterial. The court sustained the objection. This ruling is now assigned as error.

It was error to exclude the answer. The court had, upon demurrer, adjudged the mitigating circumstances set up in the answer to be good and sufficient. The question was direct and pertinent, and the answer might tend to prove the mitigating circumstances averred. The question was not, therefore, immaterial.

1. EVIDENCE: slander: mitigation.

The same witness was asked to state, " What conversation had you had with the plaintiff upon an occasion prior to the speaking of the alleged slander, in relation to the plaintiff and one Charles Bower, coming from Charles City together? " This was also objected to as immaterial, and the objection was sustained. The defendant then offered to prove by the witness, in answer to the question and others, the facts sustaining one of the mitigating circumstances as set up in his answer; but the court

refused to permit it.   This was error; and so manifestly so, that it is difficult to conceive upon what possible theory of the law the offered testimony was excluded.   It was a direct proposition to prove the facts alleged in the answer, which the court itself had adjudged sufficient.

After the defendant had closed his evidence, the plaintiff introduced a witness and proved by him that he was a German and understood the German language, and that "do" and "make" in English, were both the same word in German. The defendant timely objected to it, because immaterial and incompetent, and now assigns error upon its admission.   It was material and competent to show the correct translation and meaning of the slanderous words used.   The court did not err in admitting the evidence.

II.   The defendant asked the court to give this instruction to the jury:—"1.   If you find from the evidence that the alleged 2. SLANDER: slanderous words, for which the plaintiff seeks to pleading: foreign language. recover damages in this action, were spoken by the defendant wholly in the German language, in a conversation carried on wholly in German, and that the defendant did not speak the alleged slanderous words in the English language, substantially as charged in the petition, then the plaintiff cannot recover for the slander complained of, and your verdict must be for the defendant upon the issue of slander involved in this action."   The court refused the instruction, and such refusal is assigned as error.

The common law authorites are abundant and uniform, that to allege a publication of English words and prove a publication of words in another tongue is a variance and cause for a non-suit.   *Zenobia v. Axtell,* 6 Term. Rep. 162; *Rehauser v. Schwarger,* 3 Watts, 28; *Jenkins v. Phillips,* 9 C. & P., 766; *Hickley v. Grosjean,* 6 Blackf. 351; *Zeig v. Orl,* 3 Chand. (Mich.,) 26; *Keenholtz v. Becker,* 3 Denio, 346; *Kuschbaughn v. Slusser* 12 Ind. 453; *Warmouth v. Cramer and wife,* 3 Wend. 395, and other cases cited in Townshend on Slander and Libel, § 330 and note.   In the case in 12 Ind., *supra,* it was said that our new system of Code procedure has not changed the rule.

Without settling definitely the rule in this case, we should hesitate before reversing the judgment for this assigned error alone. It must be reversed for the errors in excluding evidence hereinbefore set forth. We state some of the reasons which would cause us to hesitate. Our statute, Rev. of 1860, Sec. 2920 and Code of 1873, Sec. 2648, provides that if an action is founded on a writing, a copy must be set out in or annexed to the petition, and it was held by this court in *Christenson v. Gorsch*, 5 Iowa, 374, that pleadings in our courts should be in the English language, and in declaring upon a contract written in German, it is not necessary to attach a copy in such foreign language. See also, *Lambret v. Blackman*, 1 Blackf. 59. If our pleadings must be in the English language, and the imperative statute that a copy of the instrument sued on *must be set out*, is met and complied with, by a translation of the instrument into our language, it would seem to follow, that our system would allow a recovery upon words correctly translated from the foreign language in which they were uttered. Of course the petition should aver that the words were spoken in the foreign language, and that the words charged were a correct translation of them. And further, the defendant in his answer, averred that the words were spoken in German, and set them out, and also the translation, which latter, was, in substance, the same as the words laid in the petition. The defendant was not, therefore, misled and, by our statute, no variance is material unless it has misled the adverse party to his prejudice. Rev. of 1860, Sec. 2972; Code of 1873, Sec. 2686.

III. The court gave this instruction to the jury—" 13. It is not necessary for the plaintiff to prove the precise words averred in the petition, but it is sufficient to prove them substantially as therein set out, and if spoken in the German language they must have been understood by the hearers." The giving of this is assigned as error. Leaving out of view the question of the foreign language, already discussed, the instruction embodies the modern and the true view, to-wit: that the plaintiff need only prove the words substantially as set out.

3. ——: ——; language substantially as laid.

For the error in excluding evidence the judgment is reversed, and the cause remanded with leave to plaintiff to amend her petition, if so advised.

REVERSED.