## GROTIUS v. ROSS.

[No. 3,154.   Filed April 24, 1900.]

EVIDENCE.—*Slander.*—*Motions.*—The testimony of a witness in an action for slander that he heard defendant say that one of his neighbors, his brother-in-law, had been stealing chickens, did not tend to support a charge of larceny, where there was no allegation that defendant in speaking the slanderous words used the words "neighbor" or "brother-in-law," and there was no evidence that plaintiff was the only brother-in-law of defendant, and a motion to strike out the evidence should have been sustained.   *pp. 544, 545.*

SAME.—*Slander.*—*When Slanderous Words Were Spoken in German.* —*Variance.*—In the trial of an action for slander it was not reversible error to admit in evidence the testimony of a witness as to a conversation in which defendant stated in German that plaintiff

Grotius *v.* Ross.

was shot while he was stealing chickens, although the complaint did not allege that the slanderous words were spoken in German, where the testimony was admitted for the purpose of showing malice or feeling, and not to prove the cause of action, and it does not appear that defendant was misled to his prejudice by such variance. *p. 545.*

SLANDER.—*Instructions.*—*Measure of Damages.*—An instruction in an action for slander, that the jury might consider as an element of damage the expense to which plaintiff had been put by being compelled to come into court to vindicate his character, was erroneous. *p. 546.*

From the Vanderburgh Circuit Court. *Reversed.*

*W. W. Ireland* and *H. Clements,* for appellant.
*W. Reister* and *L. M. Wade,* for appellee.

COMSTOCK, J.—Appellee instituted this action in the Posey Circuit Court against the appellant for slander. Upon change of venue it was tried in the Vanderburgh Circuit Court. The complaint was in three paragraphs, to which appellant answered by general denial. A trial by jury resulted in a verdict and judgment in favor of appellee for $800. The only error assigned is the action of the court in overruling appellant's motion for a new trial. The slanderous words in each paragraph charge larceny.

The refusal of the court to strike out the testimony of John Trenor, a witness in behalf of appellee, is made the fifth reason for a new trial. This witness testified that he was acquainted with the defendant; that he heard him say that one of his neighbors—his brother-in-law—had been stealing chickens; that Dr. Smith had picked out some shot; that he did not remember that appellant gave any name, and that he (witness) did not know appellee, and did not know that he was the brother-in-law of appellant until after the commencement of the suit.

There is no allegation in either paragraph of the complaint that appellant, in speaking the slanderous words, used the words "neighbor" or "brother-in-law." While it is not necessary to prove the precise words charged in the

complaint, it is necessary to prove that the defendant spoke words substantially as alleged. *Gray* v. *Elzroth*, 10 Ind. App. 587, and authorities there cited. There is no evidence that appellee was the only brother-in-law of appellant. The complaint alleged a charge of larceny against the appellee Ross. This evidence does not tend to support that charge. The motion to strike it out should have been sustained.

Counsel for appellant insist that it was error to permit the witness Frank Kissel, a witness for appellee, to testify to a conversation with appellant in which appellant stated in German that appellee was shot by one Endicott while he was stealing his chickens. This is made the ninth and tenth reasons in the motion for a new trial. It is claimed that, the complaint not alleging the speaking of the slanderous words in German, it will be presumed that they were spoken in English; that, the proof being that they were spoken in German, that there is a variance between the allegations and the proof. The claim of variance must be allowed. *Kerschbaugher* v. *Slusser*, 12 Ind. 453. In admitting the testimony, however, the court stated that it was admitted only for the purpose of showing malice or feeling, and not to prove the cause of action. Conceding the variance claimed, this ruling of the court would not be reversible error, unless it should appear that appellant had been actually misled to his prejudice by such variance. §394 Burns 1894, §391 Horner 1897, reads as follows: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and, thereupon, the court may order the pleading to be amended on such terms as may be just." It does not appear that appellant was misled.

Counsel next discuss reason thirty-four for a new trial, which was the giving to the jury by the court, of its own motion, instruction number sixteen. In this instruction the jury were instructed as to the measure of damages. The part objected to directed the jury to consider the expense to which plaintiff had been put by being compelled to come into court to vindicate his character. The objections specified are (1) that this instruction designates an improper element of damages, and (2) that there was no evidence to warrant the instruction. We are of the opinion that the court erred in giving this instruction. Expenses may include counsel fees.

It is said in *Indianapolis, etc., Co.* v. *Pugh*, 6 Ind. App. 510, on p. 528: "Expenses may include counsel fees. If so it is not stated that such only could be recovered as were reasonably necessary, and we see no reason why, under the instructions, the appellee would not have the right to employ a score of attorneys at any price, and be compelled to pay them fees whatever they might be in amount." In the same opinion it is stated: "As a general rule in actions of tort, counsel fees are not recoverable, except in suits of malicious prosecution."

In *Hicks* v. *Foster*, 13 Barb. 663—an action for slander, an instruction in the language of the instruction in question was held to be improper. It is a well reasoned case, citing numerous decisions, and is cited with approval in *Indianapolis, etc., Co.* v. *Pugh, supra.*

In support of this action of the trial court, counsel for appellee refer us to decisions holding that in actions for malicious prosecution the plaintiff may be allowed as damages necessary expenses, including attorney's fees, to which he has been subjected on account of the prosecution. In such case the victim of a malicious prosecution is compelled to vindicate his character in the court. These authorities are not in point.

The only other error claimed, discussed by appellant's

counsel, may not arise upon another trial. We do not, therefore, consider it.

Counsel for appellee have argued at length that no questions are presented by this appeal, for the reason that neither the evidence nor the instructions of the court are properly in the record. A careful examination of the record leads us to the conclusion that this position of counsel can not be sustained. Judgment reversed, with instruction to the trial court to sustain appellant's motion for a new trial.