## VITO A. ROMANO *vs.* MARIA A. DeVITO.

Suffolk.  March 6, 1906. — May 15, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Slander.  Pleading, Civil.*

A declaration for speaking slanderous words concerning the plaintiff in a foreign
    language must set out the words as spoken in the foreign language and also their
    meaning in English, and the plaintiff must prove as a necessary part of his case
    that the translation of the foreign words in his declaration is correct.

LATHROP, J.  This is an action of tort for slanderous words
alleged to have been spoken by the defendant concerning the
plaintiff.  The original declaration was in the English language.
During the trial it appeared that the words spoken were in the
Italian language, and the counsel for the plaintiff stated that
the alleged slanderous words had been spoken in Italian, and
that he did not contend that they were spoken in English.  The
judge then suggested that, if that were so, there was a variance
between the allegations and the proof.  The plaintiff asked for
leave to amend by setting forth the words spoken in Italian, and
the judge intimating that such amendment would be permitted,
the trial proceeded as before through an interpreter.  At the
close of the evidence for the plaintiff an amended declaration
was filed setting forth the words spoken in Italian, with their
meaning in English.  The plaintiff then rested.  The counsel
for the defendant then asked the judge to rule that there was no
evidence that the foreign words set forth in the amended dec-
laration were spoken by the defendant, and, further, that there
was no evidence as to the meaning of such foreign words, and
requested the judge to rule that the action could not be main-
tained.  The judge so ruled.  A verdict was accordingly re-
turned for the defendant; and the case is before us on the
plaintiff's exception to this ruling.

1.  There is no doubt that when libellous words are written
in a foreign language they should be set out in that language,
and a translation given.  *Zenobio* v. *Axtell*, 6 T. R. 162, per
Lord Kenyon, C. J.  The same rule applies in cases of slander.

*Rahauser* v. *Barth*, 3 Watts, 28.   *Lettman* v. *Ritz*, 3 Sandf. 734.
*Zeig* v. *Ort*, 3 Chandl. (Wis.) 26.   *Kerschbaugher* v. *Slusser*, 12
Ind. 453.   *Wormouth* v. *Cramer*, 3 Wend. 394.   *Keenholts* v.
*Becker*, 3 Denio, 346.

2. It is also necessary to prove that the translation of the
foreign words in the declaration is correct.   *Hickley* v. *Gros-
jean*, 6 Blackf. 351.   *Noeninger* v. *Vogt*, 88 Mo. 589.   Odgers,
Libel and Slander, (4th ed.) 119, 120.   Townshend, Slander and
Libel, (4th ed.) § 330.   Newell, Slander and Libel, (2d ed.) 760.
Folkard, Slander and Libel, (6th ed.) 471, 804.

As there was no attempt to do this in the case at bar, the
ruling of the judge below was right.

                     `＼` *Exceptions overruled.*

  *W. Flaherty*, for the plaintiff.

  *C. P. Greenough & J. A. Blanchard*, for the defendant.