ANNA CHARLESON, Appellee, v. NELS RUSSELL, Appellant.

**Slander and libel:** IMPUTATION OF UNCHASTITY. It is slanderous *per se* to charge an unmarried woman with unchastity; and there need not be a direct charge, but it is enough that the words used were calculated to induce the hearer to suppose or understand that the person spoken of was *guilty of either immorality* or unchastity.

**Same:** INSTRUCTION. An instruction authorizing recovery for slander, if the defendant uttered some or all of the language charged in the petition, or substantially as charged therein, intending thereby to impute to plaintiff want of chastity, and defendant was so understood, is not objectionable as authorizing recovery if defendant used *some* of the language charged, whether actionable *per se* or not.

**Slander:** TRANSLATION OF LANGUAGE: BURDEN OF PROOF. Where the alleged slanderous words were spoken in a foreign language, and defendant merely denied using the language charged, but made no denial of the correctness of the translation as testified to by the witness to whom the words were spoken, it was not necessary to instruct that plaintiff had the burden of proving the correctness of the translation.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.    . .

SATURDAY, JUNE 5, 1909.

REHEARING DENIED WEDNESDAY, SEPTEMBER 29, 1909.

Action for slander. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Wesley Martin,* for appellant.

*Boeye & Henderson,* for appellee.

DEEMER, J.—The parties to the suit are Norwegians, and they use the language of that country in their ordinary conversation. It is charged in the petition that defendant slandered the plaintiff in uttering of and concerning her, in Norwegian vernacular, words and phrases which, when translated, meant the following: "You must not go in company with Katrina (Katrina meaning plaintiff). She (meaning plaintiff) is a woman of low character. She (meaning plaintiff) has done enough harm in my family. Had it not been for her (meaning plaintiff), Isabelle would yet have been at home, but Katrina (meaning plaintiff) led her into wrong ways. She, (meaning plaintiff) is not fit to take care of your parents' house. She (meaning plaintiff) is not the right woman to take care of their children." It is then charged that by these "statements defendant meant, and was, and intended to be, understood as meaning by the persons who heard said statements, that plaintiff is a woman of immoral and unchaste character and habits, and therefore not fit for other persons to associate with; and she led defendant's step-daughter, the said Isabelle, into unchaste and immoral habits, by reason of which the said Isabelle left home and died, and that by reason of her unchaste character and conduct she (the plaintiff) was not fit to be employed in domestic service or have the care of children." The answer was a general denial. Upon trial to a jury a verdict was returned in plaintiff's favor for the sum of $100, and judgment was rendered thereon. Upon this appeal it is contended: (1) That the words charged are not slanderous

*per se,* in that they do not impute either a 'crime or want of chastity; ' (2) that it was incumbent upon plaintiff to show that the translation of the foreign words and sentences was correct, and that the plaintiff did not produce any testimony to this effect; (3) that one of the instructions is erroneous, in that it permitted a recovery by plaintiff if she showed the use of some of the language used, although that part may not have been actionable *per se;* and (4) that the verdict is without support in the testimony.

Assuming the words charged to have been correctly translated, it is apparent from a reading of this translation that plaintiff's moral character was attacked, and that she was accused of being a low woman unfit to be associated with children and having led children into wrong ways. They will bear the interpretation put upon them in the *innuendo;* that is to say, they will fairly bear the meaning charged that plaintiff was immoral and unchaste and not fit to be employed in domestic service or to have the care of children. That it is slanderous *per se* to charge an unmarried woman with unchastity even by indirection is now generally held by the authorities. Such is certainly the rule in this State. *Cushing v. Hederman,* 117 Iowa, 637; *Blocker v. Schoff,* 83 Iowa, 265; *Haynes v. Ritchey,* 30 Iowa, 76, and cases cited. There need not be a direct charge of either unchastity or immorality. It is sufficient if the words used were calculated to induce the hearer to suppose and understand that the person against whom they were uttered was guilty of either immorality or unchastity. *Abshire v. Cline,* 3 Ind. 115; *Patterson v. Frazer* (Tex. Civ. App.), 79 S. W. 1077; *Loranger v. Loranger,* 115 Mich. 681 (74 N. W. 228); *Riddell v. Thayer,* 127 Mass. 487; *Wimer v. Allbaugh,* 78 Iowa, 79; *Craver v. Norton,* 114 Iowa, 46. The witness who heard defendant's statements testified that she understood them to mean that plaintiff was un-

1. SLANDER AND LIBEL: imputation of unchastity.

chaste, that she had led one of his children astray, and that by reason of her character she was not •a fit person. to be employed in a family where there were girls. She testified that she gave a correct translation of the language used, and the trial court gave the following instruction with reference thereto: "The law of this state makes it slander for one, in conversation with a third person, in the hearing of a third person, to use language falsely imputing to a female want of chastity, and from such false charge, without justification, malice is inferred and damages presumed. So, in this case, if the plaintiff has established by a preponderance of the evidence that the defendant, at the time charged in plaintiff's petition, in a conversation with Mrs. J. O. Anderson, used some or all of the language charged in plaintiff's petition or language substantially as charged, and that by the use of such language he intended to impute to plaintiff a want of chastity, and in using said language he was understood by the said Mrs. J. O. Anderson as imputing to the plaintiff a want of chastity, then the plaintiff will be entitled to recover such damages as she has sustained. If, however, the defendant did not use any of the language charged in plaintiff's petition, or language substantially as charged, or if he did use said language, but did not intend by such language to impute the want of chastity to the plaintiff, and was not so understood, then the plaintiff can not recover, and your verdict should be for the defendant." This instruction properly presented the matter to the jury, and the court did not err in denying defendant's motion for a verdict or his motion for a new trial based upon the ground that the language charged was not slanderous *per se.*

II. The petition sufficiently sets forth the language used, and also properly states that it gives a correct translation thereof in English. *Bower v. Deideker,* 38 Iowa, 421. The witness who heard also testified that she gave

a correct translation thereof.   There is no merit therefore in defendant's second point.

III.   The instruction challenged does not, as defendant's counsel contend, authorize a recovery in the event the jury found that defendant used some of the language charged in the petition, whether actionable *per se* or not.   On the contrary, it expressly states that the language used which would justify a recovery must have been such as imputed to plaintiff a want of chastity.   It is not subject to the criticism lodged against it.   *Ladwig v. Heyer,* 136 Iowa, 196.

2. SAME:
   instruction.

IV.   Recurring again to the question of translation and the failure of the court to instruct that the burden was upon plaintiff to establish that the translation was a correct one, it is enough to say that there was no dispute in the testimony regarding the translation given by the witness to whom defendant's conversation regarding plaintiff was directed.   In other words, although what he said was denied, the correctness of the translation of what it was testified he said was not disputed by defendant or by any of his witnesses.

3. SLANDER:
   translation
   of language:
   burden of
   proof.

V.   There was sufficient testimony to take the case to the jury, and consequently there is no merit in defendant's last proposition.   Indeed, defendant on cross-examination practically admitted his case away.   The verdict is small; and we see no reason for interfering therewith.

The judgment is therefore *affirmed*.