Argued January 7, reversed and remanded with directions to enter
nonsuit February 1, rehearing denied February 23, 1921.

# BLASER v. KRÁTTIGER.

## (195 Pac. 359.)

**Libel and Slander—Plaintiff must Show He Belongs to Class De-
scribed in Slanderous Remark.**

1. Where the owner of a hotel came into the men's lounging-
room, where plaintiff and others were sitting, and loudly said that
someone had stolen a thousand dollars worth of her jewelry, and
she knew who it was, and the "son-of-a-bitch" sat there in the
room, plaintiff, unless he can show that he belongs to that class
whose ancestry is ascribed to a canine of the female sex, cannot
sustain an action because one of those against whom as an in-
dividual the charge of larceny was directed.

**Libel and Slander—Precise Words as Alleged Need be Proved Only
Substantially as Laid.**

2. It is not absolutely necessary to prove the precise slanderous
words alleged, but it is sufficient to prove them substantially as
laid, so that the words proved import the same charge as that
averred.

**Libel and Slander—Charge of False Accusation of Larceny Held
not Met by Proof.**

3. Plaintiff's second count seeking to impute to defendant a false
accusation of larceny against plaintiff was not sustained by proof
that defendant said plaintiff would hide the stolen jewelry.

**Libel and Slander—Pleading Should Set Out Foreign Language Used
and Translation—Proof of Utterance in Foreign Language of
Words Averred Spoken in English a Fatal Variance.**

4. In an action for slander by charging plaintiff with larceny of
jewelry, where the accusation against him was made in the Swiss
language, the proper pleading is to set out the actual words em-
ployed, together with a translation into English, with an averment
that it is the true interpretation of the foreign language used, and
was so understood by those who heard it; where the averment is of
the use of words in English, and the proof is that they were origi-
nally uttered in a foreign language, the variance is fatal.

**Libel and Slander—Those Hearing Charge must Understand it.**

5. No slander can be committed unless those hearing the words
used understand their meaning.

4. Proof of libel or slander in foreign language, see note in 6
Ann. Cas. 731.

# From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 1.

The complaint is for slander. It contains two counts of defamatory language. The first is as follows:

"That defendant is engaged in running the Helvetia Hotel in the City of Portland, Oregon, and on or about the third day of January, 1918, while plaintiff was a guest at the defendant's hotel, the defendant came into the men's lounging-room, where plaintiff and numerous other men were sitting, and there and then in a loud voice made the following statement: 'Someone has stolen $1,000 worth of my jewelry from my bedroom, and I know who it is and the s—— of a b—— sits here in this room.' "

The second is thus alleged:

"That on or about January 12, 1918, the defendant sent two detectives from the city detective department to search the plaintiff's house, to which he had just moved after his marriage, for said stolen jewelry, which they were unable to find, and thereupon plaintiff went with said detectives to the defendant's hotel and they reported to the defendant that they were unable to find any jewelry in plaintiff's house, and they did not believe that he had stolen it, whereupon said defendant again, in the presence of said detectives and plaintiff, made, in substance, the further following statement: 'That you [detectives] may not be able to find said jewelry in his house, but I know he has stolen it and he has got it somewhere.' "

Then follow other averments to the effect that by the statements noted the defendant meant to charge the plaintiff with being a thief; that they were false, and that he was damaged thereby. The answer denies all of the averments of the complaint. The trial resulted in a verdict and judgment for the plaintiff, and the defendant appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. J. B. Ofner* and *Mr. Charles J. Schnabel,* with an oral argument by *Mr. Ofner.*

For respondent there was a brief and an oral argument by *Mr. L. E. Schmitt.*

BURNETT, C. J.—The principal assignments of error are that the court was wrong in overruling the defendant's motion for a nonsuit and her further motion to direct the jury to return a verdict for the defendant.

As to the first charge, it appears by the plaintiff's statement as witness in his own behalf that substantially the words set out in the complaint were uttered by the defendant in the room designated as the "lounging-room" in the Helvetia Hotel in Portland, in which room there were about twenty or twenty-five men at the time, sitting around. His testimony is as follows:

"Mrs. Krattinger came out in the bar and she spoke to John Feurer and she says, 'What you think, John, there is a fellow in here stole about a thousand dollars' worth of my jewelry, and the man is sitting right here in the office, and it is a Swiss. And I know the name of the fellow,' she says, 'and I just give that fellow a chance to bring that jewelry back to next Saturday.' * * She says, 'That son-of-a-bitch is right in the room here.'"

As to this language, the rule is thus laid down in Section 285, Newell on Slander and Libel (3 edition):

"The defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff. If the words used really contain no reflection upon any particular individual, no averment or innuendo can make them defamatory. 'An

innuendo cannot make the person certain which was uncertain before.'"

1. In *Harris* v. *Santa Fe Townsite Co.,* 58 Tex. Civ. App. 506 (125 S. W. 77), the action was based upon a publication made by the defendant, saying in substance that nine women, without naming them, had cut the defendant's fence. The court held that no libel against any individual could be predicated on such language. In *Dunlap* v. *Sundberg,* 55 Wash. 609 (104 Pac. 830, 133 Am. St. Rep. 1050), the defendant and others had petitioned the owner of a building, reciting that they themselves, being reputable physicians, desired to uphold the honor of their profession and to that end demanded the removal from the building of osteopaths, criminal practitioners, quacks, charlatans, and other alleged fraudulent concerns. The complaint alleged that the defendant intended by the petition to refer to the plaintiff, although he was not mentioned therein, and further averred him to be a reputable and duly licensed physician. The court held that no cause of action was stated. The doctrine there taught was, that unless the plaintiff was willing to assume and allege that he was one of the class mentioned in the petition, whose exclusion from the building was sought, he could not recover. So here, unless the plaintiff can show that he belongs to that class whose ancestry is ascribed to a canine of the female sex, he cannot sustain an action, because he is not the particular one of those against whom as an individual the charge of larceny was directed. The testimony shows that almost all of the men in the room were Swiss, and hence the invidious words appearing in the complaint are not aided by that fact appearing only in testimony. There is nothing in the language indicat-

ing which Swiss the defendant meant or that anyone hearing it could or did divine whom she intended to accuse. . Even the plaintiff himself testifies that no one present knew to whom she alluded.

As noted above, the words complained of in the second charge were:

"You [detectives] may not be able to find such jewelry in his house, but I know he stole it and has got it somewhere."

In passing, the testimony shows that the defendant's husband notified the police department of Portland of the loss of his wife's jewelry immediately upon the discovery thereof, without accusing anyone of the theft. As a result of that complaint, the detectives on their own motion examined the premises at the hotel where the defendant lived. Upon acquiring additional information from one of the defendant's children, which the detectives thought pointed somewhat to the plaintiff, they went to his residence and with his consent searched his rooms. He then voluntarily accompanied them to the hotel, where in presence of the defendant they exhibited to her some articles of jewelry they had found in his residence. She disclaimed any ownership of them, and the detectives then informed her that they had searched his house. It is at this juncture that he says in his testimony she made the following remark to the detectives:

"You might not find that jewelry there, but he hide [*sic*] that jewelry."

Both of the detectives, one of whom was a witness called by the plaintiff, testified to the effect that the defendant did not make the statement attributed to her by the complaint in the second charge.

2, 3. Although it is not absolutely necessary to prove the precise slanderous words alleged, and it is sufficient to prove them substantially as laid, so that the words proved import the same charge as that averred, yet with this qualification it is requisite that the charge shall be proved as laid. The design of the second charge is to impute to the defendant false accusation of larceny against the plaintiff. This is not satisfied by proof that she said he would hide the jewelry. Stealing, as charged, imports a crime. Hiding does not necessarily amount to such an accusation. It may be only a charge of conversion of property, for which no indictment could lie. In *Renaker* v. *Gregg,* 147 Ky. 368 (144 S. W. 89), the charge was that the defendant said the plaintiff *stole* a sheep. According to the testimony, the language used by the defendant was that plaintiff *took* the sheep. The court said that the word "stole" imports a crime, and the word "took" does not, and hence dismissed the case. In *Bleitz* v. *Carton,* 49 Wash. 545 (95 Pac. 1099), the averment was that the defendant said of the plaintiff, "He has another wife back east, and a wife and child here," imputing the crime of bigamy. The proof was as follows: "He has a wife and child back east and is living with another woman here." It was held that the variance was fatal, since the words alleged charged bigamy and were actionable *per se,* and the words actually uttered were not actionable, as by no possible construction could they charge the plaintiff with bigamy. In *Enright* v. *Bringgold,* 106 Wash. 233 (179 Pac. 844), the slanderous words imputed to the defendant were: "She [meaning the plaintiff] has stolen silverware from your hotel, and has a lot of the goods concealed in her room." The witness called to prove that,

stated in substance that the defendant asked the manager of the hotel if he had lost any silverware and told him that he had seen some of the hotel silverware in the plaintiff's room. The variance was held to be fatal.

4, 5. It appears in evidence without dispute that in making the accusation in the lounging-room in the presence of the men there assembled, the defendant spoke the Swiss language. The proper pleading in such a case is to set out the actual words employed, together with a translation into English, with the averment that it is the true interpretation of the foreign language used, and that it was so understood by those who heard it. The result is that, where the averment is of the use of words in English, and the proof is that they were originally uttered in a foreign language, the variance is fatal: *Kerschbauer* v. *Slusser,* 12 Ind. 453; *Grotius* v. *Ross,* 24 Ind. App. 543 (57 N. E. 46); *Zeig* v. *Ort,* 3 Pinn. (Wis.) 30; *Kunz* v. *Hartwig,* 151 Mo. App. 94 (131 S. W. 721); *Wormouth* v. *Cramer,* 3 Wend. (N. Y.) 394; *K.* v. *H.,* 20 Wis. 239 (91 Am. Dec. 397); *Simonsen* v. *Herold,* 61 Wis. 626 (21 N. W. 799); *Romano* v. *De Vito,* 191 Mass. 457 (78 N. E. 105, 6 Ann. Cas. 731); *State* v. *Marlier,* 46 Mo. App. 233. The substance of the doctrine seems to be that the defendant gave offense, if at all, by the use of foreign language, and he must be charged accordingly. It is necessary, also, to aver and prove the English signification so as to refer the tort to that standard of speech by which alone causes are adjudicated in this country. Moreover, no slander is or can be committed unless those hearing the words used understand their meaning. It is the impression on the mind of the hearer which constitutes the essence of slander. It would probably be difficult

to predicate slander of what a Chinaman, for instance, might say in his own tongue to and about one in the presence of a crowd of native residents of Kentucky or New Hampshire. This point about the use of foreign language was not presented at the argument, but, in view of the possibility that the action may be recommenced, it is thought well to indicate the trend of authorities on that subject.

The nonsuit should have been granted, because as to the first cause of action there was nothing in the language to indicate that the defendant intended to speak anything of or concerning the plaintiff in particular. Moreover, the language used was Swiss, whereas the allegation is that it was English. And lastly, as to the second cause of action, the proof is at fatal variance with the allegation, averring an imputation of larceny, whereas the proof shows only that the plaintiff was said to have hidden the jewelry.

The judgment is reversed, and the cause remanded, with directions to the Circuit Court to enter a judgment of nonsuit.

REVERSED AND REMANDED WITH DIRECTIONS.

REHEARING DENIED.

MCBRIDE, BENSON and HARRIS, JJ., concur.