La Vonne **RICE**, Plaintiff,

v.

**COMTEK MANUFACTURING OF OREGON, INC., an Oregon corporation, and Tektronix, Inc., an Oregon corporation, Defendants.**

Civ. No. 89–1198–JU.

United States District Court, D. Oregon.

March 27, 1990.

---

See also 766 F.Supp. 1544.

Richard C. Busse, Donald B. Potter, Portland, Or., for plaintiff.

Charles F. Hinkle, Glenn J. Hovemann, Portland, Or., for defendants.

## ORDER

REDDEN, Chief Judge:

Magistrate Juba filed his Findings and Recommendation on March 6, 1990. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). No objections have been timely filed. This relieves me of my obligation to give the factual findings *de novo* review. *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1206 (8th Cir.1983); *See also Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.1983). Having reviewed the legal principles *de novo*, I find no error. Accordingly, I ADOPT Magistrate Juba's Findings and Recommendation (doc. # 17) in its entirety.

IT IS SO ORDERED.

## ORDER, FINDINGS AND RECOMMENDATION

GEORGE E. JUBA, United States Magistrate:

## INTRODUCTION

This is a wrongful discharge and racial discrimination action with attendant tort claims. Defendant Comtek Manufacturing of Oregon, Inc., (Comtek), a wholly-owned subsidiary of defendant Tektronix, Inc., fired plaintiff La Vonne Rice after investigating rumors that Rice was dealing illegal drugs. Rice's firing came an unspecified amount of time after he protested a co-worker's racist behavior. Rice is apparently of a racial minority but his race has not been pled. Rice alleges Comtek's investigation was improper and inadequate, and that his firing was race related.

Rice raises claims of wrongful discharge, negligent termination, reckless infliction of emotional distress, intentional infliction of emotional distress, defamation, invasion of privacy, and racial discrimination. Defendants now move to dismiss five of Rice's claims and his prayer for punitive damages. Fed.R.Civ.P. 12(b)(6). Rice is a Washington citizen. Defendants are Oregon citizens. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

## STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1347 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987).

## DISCUSSION

The introductory facts were stated in the light most favorable to Rice.

1. *Rice's Third Claim: Defamation*

■ Rice alleges that defendants' agents made certain statements, "the substance of which was that Defendants had reliable information corroborating the accusations of drug dealing against Plaintiff." Complaint para. 15. An allegation of defamation is subject to dismissal if it fails to set out the actual words published. *Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*, 678 F.Supp. 1035, 1046 (S.D.N.Y. 1987), *appeal discussed in part*, 839 F.2d 69 (2d Cir.), *cert. denied*, 487 U.S. 1219, 108 S.Ct. 2872, 101 L.Ed.2d 908 (1988) (dismissing defamation claim where complaint paraphrased defamatory statement instead of pleading it verbatim); *Seaphus v. Lilly*, 691 F.Supp. 127, 134 (N.D.Ill.1988) (exact language necessary to form responsive to defamation claim). Oregon follows the same rule. *Blaser v. Krattiger*, 99 Or. 392, 398, 195 P. 359 (1921) (statement made in foreign language should be stated verbatim in that language and translated into English).

■ In an attempt to clarify his position, Rice responds that "one or more persons" made "one or more statements." Rice does not allege who uttered the statements, when the statements were uttered, whether the statements were oral or written, or any

other facts allowing defendants to identify the allegedly wrongful conduct. Rice's vague pleading keeps defendants from identifying constitutional or other privileges that may be available to them before undertaking discovery. Rice's third claim for relief should, therefore, be dismissed.

### 2. *Rice's Fourth Claim: Invasion of Privacy*

■ Defendants seek to have me dismiss this claim under a novel theory not yet recognized by Oregon's appellate courts. Rice alleges that defendants have placed him "in a false light in the public eye; to wit, they have intimated to others that Plaintiff is a drug dealer." Complaint para. 17. In his Third Claim for Relief Rice also asserts that defendants' agents and employees defamed him by falsely stating that he was a drug dealer. *Id.* at para. 15. When a "false light" privacy claim alleges a defamatory, as opposed to a non-defamatory statement, it is duplicative of a defamation claim and must be dismissed if both are pleaded. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1193 n. 3 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 59, 107 L.Ed.2d 26 (1989) (under New York law, false light claim sufficiently duplicative of libel as to be subsumed within it) (quotation omitted). Oregon's appellate courts have not considered this issue. Oregon, however, recognizes that a false light action is "akin to defamation" and that there is a "close connection" between the two. *Dean v. Guard Pub. Co.*, 73 Or.App. 656, 659–60 n. 4, 699 P.2d 1158 (1985).

Under defendants' new theory, Rice's defamation and false light privacy claims are both based on alleged defamatory statements, are duplicative, and should be dismissed. I reach the same conclusion using established Oregon law.

Rice alleges defendants statements were false. Rice did not allege the essence of a false light claim: that defendants knew or recklessly disregarded the falsity of their statements. *Dean*, 699 P.2d at 1160. Therefore, defendants' motion to dismiss

Rice's Fourth Claim for Relief should be granted.

### 3. *Rice's Fifth Claim: Reckless Infliction of Emotional Distress*

■ The essence of this tort "is that the infliction of actual mental suffering on the plaintiff is the deliberate purpose of defendant's conduct...." *Brewer v. Erwin*, 287 Or. 435, 457, 600 P.2d 398 (1979). The defendant's intent must be to cause emotional distress. It is insufficient if the intent was to accomplish some other purpose which incidentally caused distress. *Patton v. J.C. Penney Co.*, 301 Or. 117, 122, 719 P.2d 854 (1986). Only where there is a "special relationship" between the parties may the degree of intent be reduced. *Rockhill v. Pollard*, 259 Or. 54, 485 P.2d 28 (1971) (physician-patient relationship was a special relationship where defendant had a professional obligation to plaintiff and the parties were not dealing at arm's length).

■ Rice must show that defendants intended to cause him emotional distress or show a special relationship between the parties that warrants reducing the degree of intent. Rice asserts the employer-employee relationship is special and that it reduces the intent necessary to state a claim of emotional distress. The Oregon Court of Appeals has found a special relationship between employer and employee on several occasions. Nevertheless, since then the Oregon Supreme Court has held the opposite.

In *Patton*, defendant employer terminated plaintiff employee for maintaining an off-work social relationship with a female employee. The Oregon Supreme Court found that employer-employee relationships are arm's length "take it or leave it" relationships. *Patton*, 301 Or. at 123, 719 P.2d 854. In *Sheets v. Knight*, 308 Or. 220, 779 P.2d 1000 (1989), plaintiff pleaded a claim for intentional infliction of emotional distress based on the termination of his employment with defendant. The court held that "plaintiff must allege that the defendant specifically intended to cause severe emotional distress." *Id.* 776 P.2d at 1006 (citing *Patton*, 301 Or. at 122, 719 P.2d

854). Absent some unusual facts not present here, the employer-employee relationship is not a special relationship justifying a reduction in the degree of intent to inflict distress.

Rice asserts that the parties here were more than mere strangers. In addition to being employer and employee, the parties were investigator and investigated. Rice cannot, however, show that either of these relationships were special relationships. Nothing about Rice's employment caused him to be unusually dependent upon defendants. Actual intent is the required mental element of this claim and Rice has not pleaded actual intent. Therefore, defendants' motion to dismiss Rice's Fifth Claim for Relief should be granted.

### 4. Rice's Sixth Claim: Intentional Infliction of Emotional Distress

■ To successfully plead this claim, Rice must show that defendants' acts included " 'some extraordinary transgression of the bounds of socially tolerable conduct.' " *Lewis v. Oregon Beauty Supply Co.*, 302 Or. 616, 626, 733 P.2d 430 (1987). On the one hand, an example of such intolerable behavior may be found in *Hall v. The May Dept. Stores*, 292 Or. 131, 637 P.2d 126 (1981). In *Hall,* a store security officer deliberately used psychic distress to coerce an employee into admitting a crime even though the defendant knew that there was no proof of guilt. The Court subsequently described the employer's behavior as "cold-blooded oppressive browbeating." *Lewis,* 302 Or. at 627, 733 P.2d 430.

On the other hand, in *Patton,* 301 Or. 117, 719 P.2d 854, the employer fired plaintiff because he refused to end a social relationship with a co-employee. The employer's behavior was " 'rude, boorish, tyrannical, churlish and mean,' " yet this was not behavior "outrageous in the extreme." *Id.* at 124, 719 P.2d 854.

The cases Rice cites are unsupportive of his position. For instance, in *McCool v. HillHaven Corp.*, 97 Or.App. 536, 777 P.2d 1013, *rev. denied,* 308 Or. 593, 784 P.2d 1100 (1989), employer, knowing that a conference employee was to attend had been cancelled, encouraged employee to attend. Employer fired plaintiff upon her return. Plaintiff alleged employer set her up for accusations of theft and dishonesty, and for dismissal. Here Rice made no allegations of defendants setting him up for dealing drugs or making complaints about other workers.

In *Kofoid v. Woodard Hotels, Inc.*, 78 Or.App. 283, 716 P.2d 771 (1986), the employer fired a waitress after a dispute concerning the establishment's tipping policy, which she claimed was a pretext for eliminating women from the staff. Defendant did not question the sufficiency of the complaint until oral argument on appeal. Consequently, the court *assumed* that plaintiff could plead sufficient facts to state a claim and that plaintiff stated a claim for intentional infliction of emotional distress. *Id.* at 288, 716 P.2d 771. Here the sufficiency of Rice's pleadings is being scrutinized under Rule 12(b) before defendants have filed responsive pleadings. I will not assume that Rice has stated a claim.

■ The Oregon courts require an extremely outrageous transgression of social norms to state a claim for intentional infliction of emotional distress. The wrongful acts Rice alleges are being fired in retaliation for protesting the racist behavior of a co-worker and for dealing drugs without conducting a full and fair investigation. These acts are not extremely outrageous. Rice's Sixth Claim for Relief should be dismissed.

### 5. Rice's Seventh Claim: Racial Discrimination

■ Rice alleges that defendants racially discriminated against him in violation of 42 U.S.C. § 1981 by harassing him with unfounded charges of drug dealing, failing to conduct a full and fair investigation, terminating him for dealing drugs, and terminating him for complaining about the racist conduct of a co-worker. Section 1981 guarantees the right to make and enter into contracts.

Making contracts extends only to the formation of contracts and not to postforma-

tion conduct. *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 2372–73, 105 L.Ed.2d 132 (1989). In *Patterson,* plaintiff brought a section 1981 claim against his former employer alleging various acts of on-the-job racism that culminated in plaintiff's employment termination. The Court expressly limited section 1981 to actions concerning the formation of contracts. Section 1981 was inapplicable "to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* 109 S.Ct. at 2373. In *Patterson's* wake, the Ninth Circuit has found that retaliatory discharge is postformation conduct that is inactionable under section 1981. *Overby v. Chevron USA, Inc.,* 884 F.2d 470 (9th Cir.1989).

Rice alleges harassment or other discriminatory behavior in the work place. His complaint does not touch on formation of his employment relationship with defendants. Section 1981 only addresses the right to make and enforce contracts. Rice has not stated a claim under section 1989. His Seventh Claim for Relief should be dismissed.

### 6. *Rice's Prayer For Punitive Damages*

Defendants have been stricken with the latest infectious bug: the defense bar's belief that punitive damages are unconstitutional on several grounds. While this bug has been spread by the contagious thinking of several jurists of great stature and ability, defendants cite no precedent favoring their position. I decline defendants' invitation to be the first to deny punitive damages on constitutional grounds. Defendants' motion to strike Rice's prayer for punitive damages is denied.

### CONCLUSION

For the reasons stated above, defendants' motion to dismiss should be granted in part and denied in part. Defendants' motion to strike plaintiff's prayer for puni-

tive damages is denied. The remainder of defendants' motion should be granted.

Dated this 6th day of March, 1990.