## Wilcinska v. Jastremska.

*Willard, Greenwood & Willard,* for plaintiff; *C. G. Gartling,* for defendant.

MARTIN, P. J., Sept. 16, 1929.—In this action of slander plaintiff recovered a verdict for $100. Defendant, having presented a point for binding instructions at the trial, moves for judgment n. o. v., for the reason that the alleged slanderous words set forth in the statement were not proved to have been spoken by defendant. The words in the statement are set forth in English. The words uttered were in Polish.

In actions of slander, the words must be specifically set forth in the statement in the language in which they were spoken: Yundt v. Yundt, 12 S. & R. 427, 428, where Mr. Justice Gibson said: "But what is still stronger, and indeed conclusive, is the rule in relation to words uttered in a foreign language, which, it is well settled, must be set out in the language in which they were spoken, together with an averment that they were understood by the bystanders. Now, whatever doubt may have been entertained whether a translation of them should not also be given in the declaration, there has been no doubt at all, that the original words must be laid as they were spoken." This was followed in Rahauser v. Schwerger Barth, 3 Watts, 28, where an amendment was permitted at the trial. The same general rule was followed in Trianovski v. Kleinschmidt, 20 W. N. C. 296.

Any amendment of the statement changing the language set forth should be made at or before the trial, to enable a defendant to meet the amended averment.

The allegation in the statement in this case is that on Nov. 24, 1926, the defendant used the words, "that plaintiff's husband had caught plaintiff in the act of having sexual intercourse with one Cazamir Fuss at plaintiff's home, 4527 Gaul Street, five years ago, and that plaintiff's husband had a terrible row with plaintiff and said Cazamir Fuss at that time," and that on Jan. 30, 1927, the words averred to have been uttered are, "that plaintiff has had sexual intercourse with Cazamir Fuss at 4527 Gaul Street, five years ago,

and that plaintiff and Fuss were caught by plaintiff's husband, who thereupon made a terrible commotion."

The proofs and interpretations of the witnesses do not meet these charges. The translation of what is alleged to have been said on Jan. 30th do not mention the words "sexual intercourse" as having been used.

It would be dangerous to permit such a variance between the words proved and those alleged to have been spoken.

And now, to wit, Sept. 16, 1929, judgment *n. o. v.* is entered in favor of defendant. An exception to this action of the court is noted for plaintiff.